McCay, Judge.
1. Whatever may have been the truth as to the real ownership • of this slave, the conduct of Mr. Thomas in permitting Thweatt to “use him as his own,” justifies persons without notice of the truth, in recognizing Thweatt as the owner. We do not think, therefore, that the railroad company was guilty of a conversion in taking the boy away from Columbus under Thweatt’s consent or directions.
2. On the general question argued here, and decided by’ the Judge below, we think the Judge was right. If the war with the United States was illegal, the men who, in an organized capacity, started from Columbus at the expense of the Confederate authorities or at the expense of the State organization, then a part of the Confederate organization, were engaged in an unlawful act; we see no difference between going as accepted volunteers, and going with intent to volunteer.
3. But we think the men and this negro, or the owner of this negro, stand on a different footing. The plea of the company is: You cannot recover, because both of us were engaged in an illegal undertaking, and the law will not interfere to punish me for the neglect of my servants in the course of the prosecution of this undertaking. The'plaintiff replies: As to this boy, the undertaking on your pmd to carry him, was no part of the illegal undertaking. You refused to take him as a soldier or as part of the baggage or accompaniments of the company. You demanded and received pay for him as an ^ordinary passenger, without any reference to the purpose in which we were engaged and in which you participated. You, by your own words and acts at the time, specially repudiated any implication with me in carrying this boy, and you cannot now deny the grounds on which you got my money. True, the soldier who took this boy along was intending to make use of him, in the performance of his design to carry.on war. But the railroad company did not participate in that purpose, but expressly repudiated it.
It is not because the men were engaged in an illegal act, that the defense of the railroad exists. It is because of the participation of the railroad company in that illegal act. This participation brings them within the rule — often an arbitrary .and sometimes an unjust rule — that the Court will not interfere to settle the disputes and litigation growing out of this mutual illegality. As we have said, however, there is evidence here to justify the conclusion that this negro was carried under the express stipulation of the employees of the road as an ordinary passenger, not at all- connected .with the illegal enterprise, and the jury should have had that view of the law before them. The charge of the Judge, as given, excluded any consideration of that evidence, and a new trial should be granted on that ground.
Judgment reversed.