### LITTLE *v.* SOUTHERN RAILWAY CO., and *vice versa.*

1. An employee can not recover damages of a railroad company for an injury proximately caused by his violation of a penal statute or municipal ordinance. The principle is not modified where the employer may have directed the employee to violate the law, or may have sanctioned the continuance of a custom amounting to a contravention of the law.
2. The rules of a railroad company for the government of its employees are not obligatory, as such, upon those who do not know them and to whom they have not been promulgated.
3. An employee can not recover of a railroad company if he is negligent and his negligence appreciably contributes to his injury.
4. The contentions of the plaintiff as made by the pleadings were fairly submitted to the jury.
5. The application of the charge of the court on the subject of contributory negligence to the evidence necessarily controlled the verdict, and the verdict, for any minor error of law, will not be set aside.

Argued May 13, — Decided June 9, 1904.

Action for damages. Before Judge Hodges. City court of Macon. October 3, 1903.

J. H. Little sued the Southern Railway Company for injuries alleged to have been received from a collision between two switch-engines, one of which was operated by him as engineer. From the evidence at the trial it appeared, that about seven o'clock on the afternoon of July 1, 1902, he was directed to "break up" a train of cars, just arrived from the north, in order to make up another for the south. In the performance of this order it was necessary for him to pull his train to a point on the main line sufficiently far to clear a certain 'switch, and then push the cars back in a siding from this switch. He started out on the main line

with about thirteen cars, loaded with coal, attached to his engine, and ran down the main line, crossing the track of the Central of Georgia Railway Company, and stopped his train after the crossing was cleared.    The defendant's track was down grade after the crossing was reached, and the plaintiff was unable to back his train into the switch intended. . He made several attempts to do so, each time pulling his train a little further off to get the "slack," but was unable to push his cars back.    Then he started his train down grade towards the passenger depot, running at a speed of about eight or ten miles an hour, crossing two streets of the City of Macon without checking his speed, and ran through a railroad culvert, located on an abrupt curve, into a switch-engine that was bringing some cars from an opposite direction.    In approaching the culvert his view of this switch-engine was cut off by the high embankment through which the culvert extended.    He contended, and the railway company denied, that he received a signal from the yardmaster to pull his train forward after his ineffectual efforts to back the cars.    The evidence offered by the plaintiff tended to show that, in moving his train forward, he was acting under orders from the yardmaster; that the engine collided with was at the time running backward in making a "flying switch," and had no light or outlook on the rear; that the collision was the result of the negligence of the servants in charge of that engine in failing to provide proper warning and in making a "flying switch," in opposition to the rules of the company; that when the plaintiff stopped just beyond the railroad crossing he was signaled to go ahead by the defendant's servant and that the collision was not the result of any negligence on his part.    On the other hand, the railroad company offered evidence tending to show that the plaintiff violated the rules of the yard in moving his train so far; that he failed to stop within fifty feet of the track of the Central of Georgia railroad, an intersecting railroad; that he failed to check the speed of his train when he was crossing the public streets of the City of Macon; and that at the time of the collision he was running his train at a speed of fifteen to twenty miles an hour, in violation of the ordinance of the City of Macon, which limited the rate of speed to five miles an hour.    The jury returned a verdict for the defendant, and the plaintiff, by direct exception, brought the case to the Supreme Court, assigning as error certain parts of the

charge of the court, referred to in the following opinion, and the failure to give certain other instructions. The defendant filed a cross-bill of exceptions.

*John R. Cooper, Marion W. Harris,* and *J. H. Hall,* for plaintiff. *Dessau, Harris & Harris,* for defendant.

EVANS, J. 1. Within an hour after the plaintiff began to discharge his duties in shifting the cars, he violated two statutes of the State and a municipal ordinance of the City of Macon. When he ran on the main line with his cars, he failed to observe the Civil Code, § 2234, which required him to stop within fifty feet of the place of crossing the Central railroad, which was an independent railroad. He did not stop before crossing the Central railroad, but immediately after clearing the same he brought his cars to a full stop. It was afterwards that he ran his train down in the direction where the collision occurred. Plaintiff in error contends, that in no sense was the failure to stop within fifty feet of the Central railroad crossing a contributing cause of the injury, for the reason that he had crossed the railroad and come to a full stop; and, even if he had been negligent in violating the statute requiring him to stop within fifty feet of the crossing, that, having stopped his train just beyond the crossing, his failure to observe the statute could not have contributed to the injury. On the other hand, the railway company insists, that this was a down grade, and if he had stopped within fifty feet of the crossing he would have been able to push the cars back into the siding; and that because of his failure to observe the statute, and in going beyond the Central of Georgia railroad crossing to a point so far down grade, he was unable to push the cars back, and was guilty of negligence. The court submitted this issue to the jury, instructing them that unless they believed the failure on the part of the plaintiff to comply with this statute was a contributing cause of the injury, he would not be chargeable with negligence in failing to observe it. Section 2234 is primarily designed to prevent collision between the trains on the intersecting roads. Although the plaintiff did not comply with the statute in stopping within fifty feet of the intersecting road, he did bring his train to a full stop after crossing the track of the Central of Georgia Railway Company. Relatively to what occurred after

crossing that track, the failure to stop before he crossed it was not the proximate cause of the collision.    Diligence might have required him to ask for assistance in backing his train, instead of moving further down grade, but his failure to stop his train within fifty feet of the railroad crossing is too remote to be regarded as a contributing cause of the collision with the other engine.    But as the jury were instructed that this would not be an act of negligence unless it was found to be a contributing cause of the injury, and as the evidence demanded a finding that the injury proximately resulted from the violation of the statute requiring him to check the speed of his train while approaching a street-crossing and in running faster than was permitted by the municipal ordinance, the submission of this irrelevant issue should not have the effect of vitiating the only verdict which could properly have been rendered under the facts of the case.

After the plaintiff had stopped his train beyond the railroad crossing and was unsuccessful in his attempts to back the cars, he started forward at a speed estimated by the witnesses as from eight to twenty miles an hour, crossing two streets in the City of Macon without checking the speed of his train.    The court charged the Civil Code, §§ 2222, 2224, requiring an engineer to check the speed of his locomotive within four hundred yards of such crossings, so as to be able to stop in time should any person or thing be crossing the track; and in this connection the court instructed the jury that if they believed that the failure of the plaintiff to observe this statutory requirement was a proximate cause of his injury, he would not be entitled to recover.    There are several cases construing these sections of the code.    Their application has been confined to injuries to person or property, occasioned by a railroad company at a grade crossing; and in these cases it has been held to be negligence per se not to comply with the statute.    There has been no adjudication as to what effect a failure to observe this statute would have upon the engineer in the event he was injured at a point either on or near the crossing. The statute makes it the duty of the engineer, and not of the railroad company, to blow the whistle and check the speed of the train.    If he fails to do this as required by the statute, he is subject to indictment for a misdemeanor; and if, in the commission of this criminal act, an injury results which could have been

avoided but for the commission of that act, his right to recover from the railroad company will be defeated. 1 Labatt on Master & Servant, § 362; Missouri Ry. Co. v. Roberts, 46 S. W. Rep. 270. The same may be said as to the violation of the speed ordinance of the City of Macon, which prohibits the running of trains in that portion of the city at a greater rate than five miles per hour. The plaintiff admits that at the time he sustained the injury the speed of his train was eight to ten miles an hour. When he collided with the other engine he was in actual violation of the speed ordinance of that city. He had just passed two street crossings without checking the speed of his train or attempting to do so. He rushed towards the impending collision in disobedience of the State statute requiring him to check the speed of his locomotive at street crossings, and in disobedience of the municipal ordinance limiting him to a speed of five miles an hour. If his injury was caused by reason of a violation of either the statute or the ordinance, he would not be entitled to recover. But he says that he was commanded by the railroad company to disobey both the statute and the speed ordinance; and that even if there was no express command to that effect, there had been such repeated violations as to amount to a custom. It would be contrary to public policy for courts to relieve a citizen of the consequences of his act in violating the law or his duty to society; and it can not be any defense that some one else either assisted in the offense or commanded him to do it. Ry. Co. v. Roberts, 46 S. W. Rep. 270. It is no justification for one criminally responsible for his conduct that another commanded him to do an act which is inhibited by law. No custom, however universal, could have the effect of repealing a penal statute; and the mere forbearance of the corporation to prosecute for repeated violations of the ordinance would not amount to an implied repeal of the ordinance. *Central R. Co.* v. *Curtis,* 87 *Ga.* 425.

In *Wallace* v. *Cannon,* 38 *Ga.* 199, a widow of a deceased employee sued the Western & Atlantic Railroad Company to recover damages because of the death of her husband by the alleged carelessness of the employees of the railroad company while her husband was acting as engineer. The defendant pleaded that at the time of the killing the railroad company was engaged in the transportation of insurrectionary troops to fight against the

forces of the United States, and that the plaintiff, in propelling the train, was in resistance to the government of the United States. The court there ruled that where two or more parties are engaged in the same illegal transaction and one is injured by the negligence or carelessness of the other, the courts will not lend their assistance to either party to recover damages. See *Martin* v. *Wallace*, 40 *Ga.* 52 ; *Redd* v. *Muscogee R. Co.*, 48 *Ga.* 102. While approving the principle in the last three cases cited, we have serious doubt as to its application in those cases. It follows that if the railway company either commanded or connived at a violation of the penal law, the plaintiff, who was the actual perpetrator, could not recover of the defendant for an injury traceable to a violation of the statute.

2. The court charged that an employee of a railway company is not bound by any rule, regulation, custom, or usage, not communicated to him, or furnished to him, or spoken or told him, and of which he had no knowledge and of which he could get no knowledge by the use and exercise of ordinary care and diligence. The error assigned upon this charge is that the law does not impose upon the employee the duty of exercising ordinary care in ascertaining the rules of the company ; he is only bound by the rules promulgated by the company and of which he has knowledge. As applied to the evidence, the jury could have understood the charge only to mean that an employee is not bound by any rule of which he had no knowledge ; but if there was furnished him an opportunity to learn the rules, and by the exercise of ordinary care he could have acquainted himself therewith, this would amount to knowledge. This statement of the rule is recognized in *Port Royal Ry. Co.* v. *Davis*, 95 *Ga.* 299 ; *Carroll* v. *Ry. Co.*, 82 *Ga.* 452.

3. In order for an employee of a railroad company to recover damages from the company for an injury received while in its employment, it must appear that he was free from fault. This principle has been stated in many forms. The charge of the trial judge on this subject was modeled on *Prather's* case in 80 *Ga.* 427˙(2). The statement of the doctrine that an employee of a railroad company can not recover if he "immediately or remotely, directly or indirectly, caused the injury, or any part of it, or contributed to it at all," has been approvingly cited in *W. & A. R.*

*Co.* v. *Herndon,* 114 *Ga.* 168.    In *Hicks* v. *R. Co.,* 95 *Ga.* 301 (2), it was said that "the negligence of the plaintiff, however slight, which contributes in an appreciable degree to the cause of the injury, defeats a recovery." If the negligence of the employee appreciably contributes to the injury, he can not be free from fault, and to recover he must show himself blameless.

4. Complaint is made that the contentions of the plaintiff were not fully submitted in the charge. If the plaintiff desired any further elaboration of his contentions, he should have made an appropriate request. The charge was very elaborate, and covered every material phase of the case, and submitted every substantial issue to the jury.

5. Plaintiff in error did not make a motion for a new trial, but by direct exception complains of the various rulings and charges of the court. When he pursued the latter course, he staked his right to a reversal of the verdict upon strictly legal grounds. The controlling question in the case is the contributory negligence of the plaintiff in violating a penal statute and municipal ordinance. The charge of the court on this subject, applied to the evidence, necessarily controlled the verdict; and any minor errors of law will not have the effect of reversing the verdict.

*Judgment on main bill of exceptions affirmed; cross-bill of exceptions dismissed.    All the Justices concur.*