### JOHNSTON, by next friend, *v.* ENTERPRISE MANUFACTURING COMPANY.

ATKINSON, J. The declaration did not set forth a cause of action. Knowledge on the part of the master of the use of the elevator by certain employees for "skinning the cat," which was no part of the discharge of their duty, or that the master was charged with notice thereof, was essential to raise any duty on his part to warn an employee or to provide safeguards against the result of such use. Applying the rule that pleadings are to be taken most strongly against the pleader, there was no sufficient allegation on this subject. Nor was there

enough to show that, without this, any negligence on the part of the master was the proximate cause of the injury to the plaintiff.

*Judgment affirmed. All the Justices concur, except Holden, J., who did not preside.*

Argued June 5, 1907.—Decided February 22, 1908.

Action for damages. Before Judge Hammond. Richmond superior court. October 13, 1906.

This was an action for personal injuries. The plaintiff's petition was dismissed on general demurrer, and error is assigned upon the judgment of the court. The petition alleged, that, for a short while prior to January 24, 1906, petitioner was employed by defendant as waiting-boy in the spool-room, but on the morning of said date he was directed by the "second boss" to take charge of the elevator in defendant's mill, and operate the same, in connection with certain duties which he was required to perform; that in the afternoon of the same day, petitioner, in the performance of his duty, started with the elevator up to the third floor, carrying at the same time on the elevator two men and a boy, employees of the mill, who were going to their respective places of work. The elevator was described as one with no guard-rails or protection, except the mere frame work of the elevator well, "and men and boys of the mill acquire the habit of catching the rod at the top of the elevator and 'skinning the cat' over it to the next landing and springing out of the way of the elevator before it can catch up." At this time the two men sprang out in the manner indicated, and the boy, in attempting to do the same thing, swung his body against petitioner, who was at the time engaged in running the elevator and in the performance of his duty, thereby causing petitioner to lose his footing and slip far enough for his right foot to be caught between the unprotected elevator and the frame of the elevator well, cutting his foot entirely off at the instep. It was alleged that petitioner was a small boy, 15 years of age, and inexperienced, and did not know, and by reasonable care and diligence could not have known, of the danger incident to the running of the elevator in its unprotected condition; nor did he know, nor could he by the exercise of reasonable care have known, that the elevator was unsafe, or that it had no proper guards or rails to prevent accidents. It was alleged, that petitioner was in the exercise of his employment and in no wise at fault or negligent

at the time; but that the injury was the result of failure and negligence on the part of the defendant, first, in placing petitioner, a boy of tender years and inexperience, at a dangerous and hazardous line of work; second, in not warning petitioner of the dangers incident to the running of said elevator; third, in requiring petitioner to operate an elevator not suited to the use for which it was intended, and with no proper guards or cage around it for the protection of passengers, as is the case with all properly equipped elevators; fourth, "in allowing their employees to use the elevator in the manner as alleged to the extent of its becoming a custom, and without placing any restrictions against such use, or arranging the elevator so that it could not be done." It was alleged that the defendant had "full knowledge of all of such deficiencies, and was grossly negligent in not correcting the evils complained of, and of not warning petitioner of the danger, and of placing petitioner in a dangerous and hazardous employment, and which, by reason of his youth, defendant knew, or by the exercise of reasonable care should have known, he was not qualified to do." The petition was afterwards amended by adding, in substance, that the elevator which the plaintiff operated under the direction of defendant, and upon which he was injured, was very large and heavy, about 8 by 6 feet, and was used as a freight and passenger elevator; that said elevator ran within two inches of the southwestern wall of the factory of defendant; that the elevator ran from the first into the third story of defendant's factory; that holes about the size of said elevator were cut through the flooring of the factory near the wall, so that the elevator could pass from one story to the other, with passengers and freight; that the flooring of the third story, through which one of said elevator holes is cut, is about six inches thick; that the flooring of the elevator which travels through said holes is about four inches thick; that the elevator runs perpendicularly to the flooring of said factory, through which said holes are cut; that the flooring of said elevator runs within about one inch of the flooring of the third story of the factory, when they are parallel with each other; that when the plaintiff was injured the elevator was going up, and the flooring of the elevator had gotten in about 6 or 8 inches of the third story when the plaintiff's foot was knocked between the flooring of the elevator and the flooring of the third story, as the result

of which his foot was mashed off; that the elevator was negligently constructed by the defendant, in that no guard was placed on the side of said elevator, which ran so closely to said flooring as aforesaid; that it was negligently maintained by defendant, in not keeping a sufficient guard on the side of said elevator, which ran in such close proximity to said flooring hereinbefore described; that, five or six months prior to the time of said injury, the elevator was repaired by the defendant, and at the time said repairing was done there was a sheet-iron guard three or four inches high, on the side of the elevator where petitioner was afterwards injured; that when said repairing was finished by defendant, the guard was left off; that with said guard on said elevator, as it was prior to the time it was repaired, the elevator was comparatively safe, but with the guard left off the elevator was unsafe; that defendant was negligent in leaving off said guard; that defendant knew of the unsafe condition of the elevator, or by the exercise of ordinary care and diligence could have known thereof; that plaintiff did not know of the unsafe condition, and had not equal means with the defendant of knowing such fact, and by the exercise of ordinary care and diligence could not have known thereof; and that in all matters herein set forth the plaintiff was in the exercise of ordinary care and diligence.

*A. L. Franklin* and *B. B. McCowen,* for plaintiff.

*Joseph B. & Bryan Cumming,* for defendant.