THOMPSON *v.* SOUTHERN RAILWAY COMPANY *et al.*

Where a watchman is employed by one railroad company to watch all trains passing over a public crossing and to give warning of their approach, and he temporarily engages in an act not shown to be essential to the discharge of his duty, and fails to watch for trains, and by reason thereof he is struck and injured by an engine of another railroad company lawfully using the track of his employer, the other company is not liable in damages for the injury, though its servants in charge of the engine may have been running the same at a greater speed than that allowed by a municipal ordinance.

APRIL 18, 1910.

Action for damages. Before Judge Ellis. Fulton superior court. March 26, 1909.

*A. H. Davis,* for plaintiff.

*McDaniel, Alston & Black,* for defendants.

EVANS, P. J. Mrs. Mattie Thompson, the widow of James Thompson, sued the Southern Railway Company to recover damages for the alleged wrongful death of her husband. The court granted a nonsuit, and she brings error. The evidence adduced by the plaintiff made substantially this case: Johns street, a public street in the City of Atlanta, was traversed by five railroad tracks, the two outer tracks on each side being the main lines, respectively, of the Western & Atlantic Railroad and the Southern Railway Companies. The middle track was the switching track of the W. & A. Railroad Company, and was known as the "old exposition" track. The deceased was employed by the W. & A. Railroad Company as a day watchman at the Johns street crossing. It was his duty to watch the crossing and to look out for trains and pedestrians using the crossing. About dark on the 18th day of February, 1906, and a few minutes before he was to go off duty, a switch-engine of the Southern Railway Company passed over the old exposition switch-track. When the switch-engine had passed Johns street the watchman began to work around a fire with a shovel. He was accustomed to keep up a fire on cold, rainy days. He was busy with his fire, and not looking out for trains, when the switch-engine of the defendant company, which last passed, came back over the old exposition track, running at the rate of ten or fifteen miles an hour, striking him and inflicting injuries from which he died. The day was cold and rainy, and the place where the watchman was hit was just beyond and within two feet of the edge of the crossing. The

headlight on the switch-engine had not been lighted, nor was any bell rung on the engine, nor did the engineer check the speed of the engine while approaching the crossing. The ordinance of the City of Atlanta forbade, under a penalty, the running of trains within the city limits at a speed greater than six miles per hour.

The husband of the plaintiff was employed as watchman by the Western & Atlantic Railroad Company. His employment as a watchman was a recognition, both by his employer and himself, that the place where he was to watch was one of danger, requiring a constant lookout for the approach of moving trains. Many trains daily crossed at that place, and it was his duty as watchman to maintain a strict watch as to the moving of trains at this point. The defendant railroad company was using the switching track of the Western & Atlantic Railroad Company; and, as the contrary does not appear, we can not assume that such act was without its permission. The plaintiff's husband, at the time he was struck by the engine of the defendant company, running on the track of his employer, was inattentive and neglectful of his duty to watch the track of his employer for approaching trains. His whole attention was given to a fire near the track and the street, and while thus engrossed he was struck by an engine which had but a few minutes before passed over the crossing. The testimony does not disclose who built the fire, or whether the plaintiff's husband was mending or extinguishing it. It was a cold day, and most probably he had built it for his own comfort. Be that as it may, there is nothing in the record to show that his engagement with the fire was of such an engrossing and imperative nature as to excuse his neglect of duty in watching out for trains. He was stationed there to look out for trains, and by turning aside from this duty he voluntarily placed himself in a position of peril, and his own negligence proximately contributed to his fatal injury. It is true that the railroad company may have been negligent in violating the speed ordinance of the City of Atlanta, and in failing to observe the requirement of the public-crossing law (Civil Code, § 2224) ; yet these acts of negligence related to the running of the trains which the plaintiff's husband was employed to watch. If he had performed his duty as watchman, he could have observed the approach of the engine, even though it was running faster than the rate of speed limited by the municipal ordinance, and though the engineer failed to check the

engine as required by Civil Code, § 2224. It was his own negli-
gence which contributed to his fatal injury, and was the proximate
cause thereof. *Central R. Co.* v. *Smith,* 78 *Ga.* 694 (3 S. E. 397).

*Judgment affirmed. All the Justices concur.*