BARRETT *v.* LOUISVILLE & NASHVILLE RAILROAD COMPANY *et al.*

ATKINSON, J.  1. The petition sufficiently charged actionable negligence upon the part of the defendant.

2. The circumstances attending the homicide, as set forth in the petition, do not make such a case as that the court can, as a matter of law, decide that the plaintiff's husband could by the exercise of ordinary care have avoided the consequences to himself of the defendants' negligence.  In this connection see *Richmond & Danville R. Co.* v. *Howard,* 79 *Ga.* 44 (2), 48 (3 S. E. 426), *Georgia R. Co.* v. *Pittman,* 73 *Ga.* 325 (5).

(*a*) It was error to dismiss the petition on general demurrer.

(*b*) This case differs from that of *Thompson* v. *Southern R. Co.,* 134 *Ga.* 371, in that in the present case the plaintiff's husband was on the public crossing when struck, and was in the discharge of his duty at the time he was struck; whereas in the case cited the injured person was not on a crossing, and was not in the discharge of his duty at the time he was struck.  And further, in the case cited only one train was passing, whereas in the case at bar there were two trains coming from different directions, and the plaintiff's husband while in the performance of his duty was confronted with an emergency.

3. The court did not rule upon any of the grounds of special demurrer, and none of them are involved in this decision.

*Judgment reversed.  All the Justices concur, except Hill, J., not presiding.*

FEBRUARY 15, 1912.

Action for damages.  Before Judge Morris.  Cobb superior court. November 26, 1910.

Mrs. M. L. Barrett instituted suit against the Louisville & Nashville Railroad Company and Walter Sparrow, an engineer in charge of one of the defendant's trains, for damages on account of the homicide of her husband.  Among other things the petition, as amended, alleged the following in substance: Kennesaw avenue, a public street in Marietta, a city of eight thousand inhabitants, was crossed by the railroad of the defendant railroad company, and also by that of the Western & Atlantic Railroad Company, there being three lines of railroad tracks.  A great many persons and vehicles constantly passed over the crossing by means of the street, while a great many trains constantly and continuously passed over the crossing by means of the railroad tracks.  As a consequence, it was a place of danger, and the plaintiff's husband was employed by the Western & Atlantic Railroad Company as a watchman at that place.  While in the discharge of duty, at about 7:30 o'clock, a. m., on the 24th day of October, 1908, he saw two persons approaching the crossing rapidly and about to be caught by a freight-

train of the defendant railroad company which was approaching the crossing from the south at a rapid rate of speed. He immediately turned, waving his flag violently as a warning to the persons to stop, and just succeeded in stopping them from passing over the crossing and coming in collision with the approaching freight-train. While thus engaged, and looking in the direction of the persons he was endeavoring to stop, the passenger-train of the defendant approaching from the north (being the opposite direction), at a rate of forty miles per hour, without any warning by ringing bells or otherwise, struck and killed him instantly. The passenger-train was about five minutes ahead of its schedule time. Plaintiff's husband did not know of its approach, and could have been seen by those in charge of the train for a distance of three hundred yards before reaching the crossing. Sparrow, the engineer, was not on the lookout. The court dismissed the petition on general demurrer, and plaintiff excepted.

*Clay & Morris,* for plaintiff. *D. W. Blair, Tye, Peeples & Jordan,* and *J. G. Roberts,* for defendant.