3841.   CHARLESTON & WESTERN CAROLINA RAILWAY CO. v.
ROBINSON.

RUSSELL, J.   1. Prior to the passage of the act of 1909 relating to the
liability of railroad companies for injuries to employees, the rule
as to such liability of a railway was thus stated by the Supreme
Court: "An employee can not recover from a railroad company if he is
negligent and his negligence appreciably contributes to his injury"
(*Little* v. *Southern Ry. Co.*, 120 *Ga.* 347, 47 S. E. 953, 66 L. R. A. 509,
102 Am. St. R. 104); he could not recover if he "immediately or
remotely, directly or indirectly, caused the injury, or any part of it,
or contributed to it at all." *Prather* v. *R. & D. R. Co.*, 80 *Ga.* 427 (9
S. E. 530, 12 Am. St. R. 263); *W. & A. R. Co.* v. *Herndon*, 114 *Ga.*
168 (39 S. E. 911). Applying to the facts in the present case the
principle laid down in these decisions, the petition should have been
dismissed on general demurrer.

2. When an employee participates in the movement of standing cars in
a railroad switch-yard, so as to keep the tracks therein open for the
passage of other engines and cars continuously and at all times, and
such cars are moved and such track is left open for the passage of other
cars, the employee is thereby put upon notice ·that such track may be
so used, and of the danger of getting upon or near such track, where
he might be hit by passing engines or cars; and if, shortly after the
removal of such cars from such track, he stands upon or so near such
track as to be hit by a passing engine, he can not recover for this
injury, which could have been avoided by the use of ordinary care and
diligence.                                        *Judgment reversed.*

DECIDED SEPTEMBER 24, 1912.

Action for damages; from city court of Richmond county—
Judge W. F. Eve.   October 17, 1911.

The petition alleges, that while the plaintiff was in the employ
of the defendant railway company in the capacity of night hostler
at its yards in the city of Augusta, it being his duty and that of
his engineer to see that the main track in the yard was not blocked
at night when engines came into the yard from the main line,
he and his engineer, on the night of April 5, 1907, took the road
engine and removed certain cars from the main track or night
track and put them on the side track, and, while performing this
duty, in removing cars from the night track, he was directed by
his engineer to get on the ground and go back to see if the cars
cleared the night track. ·On· ·examination he found that they
did not quite do so, and from his position on the ground, in
order to communicate with his engineer by signal, it was his duty
to step out from the track, which he did, and this placed him on
or near the night track.   While in this position, and just as his

engine and cars were clearing the track, an engine on the night track came up in his rear and struck him, producing injuries described. It is alleged, that the engineer on the engine that struck the plaintiff saw him in time to have stopped the engine and to have prevented the injury, and it was the duty of the said engineer, in moving his engine in the yard, to have given signal of his approach, by ringing the bell or blowing the whistle on the engine, but the engineer gave no signal; and the plaintiff, being at the time engaged in his duties, and owing to the noise of the movements of his own train of cars and other cars in the yard, did not hear the approach of the engine behind him that struck him, and could not have heard it by the exercise of ordinary care and diligence; and with respect to his injury he was wholly without fault.

The defendant demurred generally and specially, the demurrer was overruled, and, after verdict for the plaintiff and the overruling of the defendant's motion for a new trial, the case came to this court on exceptions to these rulings.

Citations of counsel on the demurrer: 92 *Ga.* 89; 134 *Ga.* 371, 712; 89 *Ga.* 756; 101 *Ga.* 420; 112 *Ga.* 914; 120 *Ga.* 971; 127 *Ga.* 566; 129 *Ga.* 389-91; 130 *Ga.* 143; 131 *Ga.* 160; 133 *Ga.* 664; 136 *Ga.* 872; 3 *Ga. App.* 1, 266, 272; 6 *Ga. App.* 454, 458, 463; 7 *Ga. App.* 342, 345, 381, 386; 2 *Ga. App.* 300; 5 *Ga. App.* 779; 85 *Ga.* 197; 124 *Ga.* 555; 145 U. S. 614; 147 U. S. 238.

*W. K. Miller,* for plaintiff in error. *H. C. Roney,* contra.