10448. SAVANNAH ELECTRIC COMPANY *v.* FALCONE.

BROYLES, P. J. The court did not err in overruling the general demurrer and certain grounds of the special demurrer to the petition as finally amended. *Judgment affirmed. Bloodworth and Stephens, JJ., concur.*
DECIDED JULY 16, 1919.

Action for damages; from city court of Savannah—Judge Freeman. March 7, 1919.

From the petition it appears that the plaintiff, while standing on the running board of an electric street-car traveling at great speed, was injured because of a collision of the car with an automobile. The petition as amended (omitting parts eliminated by rulings on special demurrer) alleged in substance: On Sunday, September 15, 1918, the plaintiff, being in the employ of the Foundation Company and being engaged in necessary war work, which made it necessary for him to work on Sundays as well as week days, boarded an open car of the defendant railway company, operating between the city of Savannah and the Foundation Company's plant where he was employed. An inspector employed by the defendant and acting within the scope of his duties as such advised the plaintiff and other employees of the Foundation Company that this was the only car to go to the Foundation Company that morning, and that as many as possible had better get on the car, and as a result the car was filled with these employees, and between forty and fifty of them, including the plaintiff, stood on the running board of the car; and the defendant's conductor on the car collected his fare while he was standing on the running board. The car was about twenty minutes late in starting, and the inspector instructed the motorman to hurry back, as he had to meet a certain other car. The car immediately proceeded on its way to the Foundation Company at great and excessive speed, and continued

at excessive, reckless, and negligent speed until the collision hereinafter related. It was running on the Augusta road at the rate of from thirty to thirty-five miles an hour when approaching Fair street, a much frequented highway used by pedestrians, wagons, and automobiles in large numbers, and the crossing of that street and the Augusta road was a much frequented and dangerous crossing. The car carrying the plaintiff approached this dangerous crossing at full speed, and no bell was rung, or whistle blown, or other signal given of its approach. The defendant's track at this point runs close to the southern edge of the Augusta road, which cuts Fair street at right angles. An automobile was going north on Fair street, intending to turn west into the Augusta road, and as it was crossing the defendant's track the defendant's car ran upon it, knocked the automobile into a telegraph pole, completely crushed it, and turned the rear of the automobile to its right, causing the automobile to strike and injure the plaintiff. The street-car was running so rapidly and recklessly that even after striking the automobile it could not and did not stop for a distance of 110 feet. The collision and the injuries described were caused solely by, and their proximate cause was, the negligence of the defendant, its agents and employees, in the following particulars: in operating its car at excessive and reckless speed; in failing to slow down in approaching the crossing, so as to have the car under control and to be able to stop it within a reasonable distance; in operating the car at such excessive speed that when it struck the automobile it did so with so much force as to throw the automobile violently against the plaintiff and cause the injuries described; in failing to ring a bell or give any other signal of the approach of the street-car when approaching a dangerous and frequented crossing; in failing to keep a proper lookout so as to observe the automobile in time to have been able to slow down and stop or let the automobile pass in front of the car without colliding. At the time of the collision the plaintiff was exercising all due and ordinary and reasonable care and diligence. The defendant owed him as a passenger extraordinary care and diligence, which it failed to exercise. Allegations were made as to the extent of the injury and damage. By amendment it was alleged, that the front of the street-car ran in and struck the rear of the automobile (the automobile having turned to the left and west in an effort

to escape the collision), driving and forcing the automobile into the telegraph pole, which was standing between the defendant's car-tracks and at a distance of about four feet south of the south track and on the prolongation of the west property lines of Fair street, and being at the southwest corner of the Augusta road and Fair street; "and said automobile being thus held jammed against said telegraph pole and said street-car continuing its terrific speed, forced its way past said automobile, causing . . . petitioner to be caught, jammed, and mashed between the said street-car and the said automobile." At the time of said impact the street-car was traveling at a rate of speed of from thirty to thirty-five miles an hour. The excessive rate of speed described directly contributed to the injury, for had not the street-car been traveling at such rate of speed at the time it struck the automobile, the rear of the automobile would not have been thrown around with such terrific force, and the plaintiff either would not have been hurt at all or his injuries would not have been so serious.

The court overruled a general demurrer to the petition, and overruled certain special grounds relating to the inspector's statements, and to allegations as to speed, and as to negligence in failing to ring a bell or give a signal. Counsel for plaintiff in error contended that the alleged negligence of the defendant was not the proximate cause of the injury, and also contended that a recovery was precluded by the fact that the plaintiff when injured was engaged in a violation of the law which prohibits one from pursuing his occupation on Sunday. Counsel cited: *Ayers* v. *L. & N. R. Co.*, 5 *Ga. App.* 454; *Wallace* v. *Cannon*, 38 *Ga.* 199 (95 *Am. D.* 385); *Martin* v. *Wallace*, 40 *Ga.* 52; *Redd* v. *Muscogee R. Co.*, 48 *Ga.* 102; *Hughes* v. *Atlanta Steel Co.*, 136 *Ga.* 511.

*Osborne, Lawrence & Abrahams,* for plaintiff in error.

*Francis P. McIntire, M. H. Bernstein,* contra.