28285. BRYANT v. ATLANTIC COAST LINE RAILROAD COMPANY, et al.

Decided July 5, 1940.

802

*Oliver & Oliver, C. L. Cowart,* for plaintiff.

*Abrahams, Bouhan, Atkinson & Lawrence,* for defendants.

STEPHENS, P. J. (After stating the foregoing facts.) It is alleged that the plaintiff's husband was employed by a highway contractor as a crossing watchman, and that his duties consisted in maintaining a lookout for trains passing over the crossing where the defendant's main-line railroad tracks and a switching track, maintained jointly by the defendant and another railroad company, and other railway tracks cross a public highway, in order to warn persons traveling on the highway of approaching trains; that on the night the plaintiff's husband met his death a passenger-train of the defendant was approaching on the main-line railway of the defendant, and the plaintiff's husband was standing in the high- way between this main-line and the joint switching track, warning travelers on the highway of the approach of the passenger-train, and that as the passenger-train came upon the crossing the plaintiff's husband was forced to step back so as to avoid being near the moving passenger-train, and stepped back upon the joint switching track above referred to. The petition shows that the switching engine with some cars had previously passed over the crossing on this joint track, and had done some switching some distance below the crossing; that as the plaintiff's husband stepped back upon the joint track in order to avoid the passenger-train the switching engine, pushing several cars, backed upon the crossing and ran over and killed him; that this switching engine and cars slowly and noiselessly approached the crossing at night, without sounding a warning, and without having a flagman or other trainman stationed thereon in a position to enable him to warn the plaintiff's husband and to signal the engineer to stop the train; and that the plaintiff's husband was not aware of and could not hear the approaching engine and cars, because his attention was directed to

the performance of his duties at the crossing, and because of the noise made by the passenger-train as it passed over the crossing and a near-by switch frog. It appeared from the allegations of the petition that the defendant railroad company and the defendant engine foreman were negligent, which negligence was the direct and proximate cause of the death of the plaintiff's husband, in permitting the switching engine to back over the crossing, pushing the freight-cars, when the passenger-train of the defendant railroad company was crossing from the opposite direction, without giving warning of its approach to the plaintiff's husband, who was in a perilous position, engaged in performing his duties, without having an employee of the railroad company stationed on such switching train for the purpose of signaling the engineer to stop the train and giving warning to persons on the crossing of its approach.

The allegations of the petition do not affirmatively show, as contended by the defendant, that the death of the plaintiff's husband was the result of his own negligence or failure to exercise ordinary care. The determination of this question, like questions of negligence, proximate cause, etc., is ordinarily for the jury. *Brown* v. *Savannah Electric & Power Co.*, 46 *Ga. App.* 393, 397 (167 S. E. 773). The petition sufficiently charged actionable negligence on the part of the defendant, and the circumstances attending the death of the plaintiff's husband, as alleged in the petition, do not show as a matter of law that the plaintiff's husband could, by the exercise of ordinary care on his part, have avoided the consequences to himself of the defendant's negligence. See *Barrett* v. *L. & N. R. Co.*, 137 *Ga.* 572 (73 S. E. 837). The duty to exercise ordinary care to avoid the consequences of another's negligence does not arise until such negligence becomes apparent, or an ordinary person would apprehend its existence, and this is a jury question. *S. A. L. Ry. Co.* v. *Blackwell*, 16 *Ga. App.* 504 (85 S. E. 686); *W. & A. Ry.* v. *Ferguson*, 113 *Ga.* 708 (39 S. E. 306, 54 L. R. A. 802). The facts involved in *Barrett* v. *L. & N. R. Co.*, supra, show an analogous situation to the facts made by the allegations of the petition in the case at bar, and the decision of the Supreme Court therein, reversing the dismissal of the plaintiff's petition on general demurrer, is controlling on this court. The cases referred to by counsel for the defendants in their brief are not analogous to the case at bar, and are not controlling. The plaintiff's husband

was not a watchman employed by the defendant railroad company, and that company owed to him the same duties it did to any other person rightfully on the crossing. The case of *Thompson* v. *Southern Ry. Co.*, 134 *Ga.* 371 (67 S. E. 939)., is distinguished in *Barrett* v. *L. & N. R. Co.*, supra. The petition set out a cause of action against both defendants, and the judge erred in sustaining the general demurrers and in dismissing the action.

*Judgment reversed. Sutton and Felton, JJ., concur.*