East Tenn., Va. & Ga. Railway Co. *v.* Hughes.

Under the declaration and the evidence, this case should have turned, as to the question of the defendant's liability, upon whether the conductor ordered the plaintiff's daughter to jump from the train while in motion; and if so, whether the daughter was free from plain and manifest fault in obeying the order. If the order was not given, or if it should have been disobeyed on account of the obvious danger of complying with it, there could be no recovery; otherwise there could be a recovery measured by the loss of services, reduced to their present net value, from the time of the injury up to the time when the daughter would attain her majority, to which should be added any expense to the plaintiff occasioned by the injury. As the daughter was about seventeen years of age, she should not be treated, with respect to her duty to care for her own safety, as a child of "tender years," but should be treated as a person who is presumptively chargeable with the exercise of the ordinary discretion possessed by young persons of her class and condition. Let the case be tried over, substantially upon the views above indicated. *Judgment reversed.*

April 3, 1893. Argued at the last term.

Action for damages. Before Judge Roberts. Dodge superior court. March term, 1892.

The mother and only surviving parent of Annie Bozeman sued the railway company, alleging: As such parent she was entitled to the proceeds of the labor as well as the services of Annie Bozeman (who was seventeen years old when injured) until she attained majority. Under her direction, Annie paid defendant for a ticket from Cochran to Dubois, a regular station of defendant, and took defendant's regular passenger train to be carried to Dubois. When near Dubois the conductor of the train took up the ticket, and after doing so notified Annie for the first time that he would not stop the train at that station, and in a threatening and peremptory manner ordered her to get off, refusing to stop the train

for her to do so.  After she was thus ordered, she went to the car-door and was followed by him to see that his order was obeyed, he being in the discharge of his duty as conductor.  The train was never stopped, but she was made by him to get off while it was in motion, and got off with all the care she could; but in doing so, was thrown by the motion of the train to the ground, falling on her side and sustaining injuries which rendered her a helpless cripple and invalid for life.  The injury was the result of defendant's neglecting to exercise ordinary care to prevent the accident, and the gross negligence and overt act of defendant contributed to and produced the accident, without fault on the part of Annie; and defendant's acts amounted to aggravating circumstances in both the act and intent.  When the accident happened Annie was sound and healthy, was a house servant, and was on her way to Dubois where plaintiff had hired her out at $5 per month.  Her services were of the value of $150 per year to plaintiff, who has paid out for medical attention and nursing $250, and $200 for the support and maintenance of Annie.  Plaintiff sues for the expenses, for the value of Annie's services and future expenses, and punitive damages.

The jury found for plaintiff $600.  Defendant moved for a new trial, which the court granted unless plaintiff would write off from the verdict $216, which was done.

The motion contains many grounds, those material being assignments of error on the following extracts from the charge of the court:

"A railroad company is always liable upon the idea of negligence.  The question is whether or not the road has been guilty of negligence, and such negligence as would cause the road to be liable.  If the road used the reasonable diligence required in running its locomotives, cars and engines and has not been guilty of carelessness or negligence, or any improper conduct of its officers in

running its cars and locomotives, then no recovery could be had. Look to the evidence and see whether or not the road has been guilty of carelessness, through their agents and employees; if they have, then the road would be liable. If the plaintiff, by ordinary care, could have avoided the consequences to himself caused by the defendant's negligence, he is not entitled to recover. But in other cases the defendant is not relieved, although the plaintiff may in some way have contributed to the injury sustained. If you believe that she (plaintiff's daughter) was guilty of carelessness in leaving the train while it was in motion, without any negligence on the part of the conductor, then no recovery could be had. Look to the evidence, and if you find the fact to be that the defendant was guilty of negligence, then your next inquiry would be what amount of damages was sustained.

"It is insisted that the conductor ordered the girl to get off of the train, and that if she did not get off he would put her off, and on the other hand that is denied, and it is also contended that a prudent person would not have obeyed that order. Whether or not that rule would apply depends on the age of the girl. It is not what a prudent man or woman would have done, but what a girl of her age, or ordinary prudence, would have done under the circumstances. If you believe that she foolishly or rashly jumped from the train, then they could not recover. If you believe the conductor ordered her off and through the excitement produced on the girl's mind by the improper conduct of the conductor she jumped from the train and was injured, then the question with you is, not what a prudent man or woman would have done, but what she would have done under those circumstances. In passing upon this matter you are to take in the whole field; look to all the circumstances of the case. What was the position of the con-

ductor? What was the girl's age, and what was her experience in travelling? If you find that she was of tender years, and if the company has been guilty of negligence, keeping in view the age of the girl, ascertain if she exercised the proper forethought and care for her own safety in leaving the train, for one of her age."

DeLacy & Bishop, for plaintiff in error.

Martin & Smith, *contra*.