*A. J. & A. H. Crovatt, Krauss & Strong,* for plaintiff.

*E. C. Butts,* for defendants.

---

14551.    PAULK & FOSSIL *v.* LEE, next friend.

1. That the injured employee—a boy injured on the second day of his employment in the sawmill of the defendants—was lacking in the care with which he was chargeable cannot as a matter of law be held, under the evidence in this case.

2. There being uncontradicted evidence that the injured boy was fifteen years of age, and there being no evidence that he lacked the capacity of one of his years, the rule as to due care in children of tender years, as laid down in the Civil Code (1910), § 3474, did not apply to him, and it was error for the court to give that rule in charge to the jury.

DECIDED FEBRUARY 23, 1924.

Action for damages; from Glynn superior court—Judge Highsmith. March 21, 1923.

*F. M. Scarlett,* for plaintiffs in error.

*Krauss & Strong,* contra.

JENKINS, P. J. 1. In this suit for damages on account of personal injuries, brought for a minor by next friend, the jury were authorized, but not compelled, to find for the plaintiff, under the evidence submitted. It appears that the injury resulted from the boy's trousers being caught in a revolving belt, attached at one end to the engine of the sawmill where he was working for the defendants, and at the other end to a pulley, while he was stepping back or being thrown back by the fall of a piece of lumber which he had been pushing upon rollers. The defendants' alleged negligence consisted in failing to furnish him with a safe place to work, and in failing to box, safeguard, or properly protect the belt in a manner customary with other sawmills, and in maintaining it on

the same floor and in close proximity with the rollers. The proof showed that the boy was 15 years of age and inexperienced in the work, and that the injury occurred on the second day of his employment. While it appears that the presence of the belt, unboxed and unguarded, in close proximity to the location of the employee's work, was so plain as to charge him with knowledge of such fact and the obvious dangers connected therewith, it cannot, however, be held as a matter of law, especially in view of his inexperience and youth, that his conduct necessarily evinced a lack of the care with which he was chargeable, in subjecting himself to an obvious risk, or that he had skill, knowledge, and experience equal to the master, such as would make it incumbent upon him to contemplate the possible or probable dangers arising from such defective equipment in the performance of his duties as servant. *Hood* v. *Atlantic Steel Co.,* 29 *Ga. App.* 457 (115 S. E. 917).

2. Under the undisputed evidence, the minor for whom the suit was brought was more than 15 years of age. "In the absence of any evidence of want of ordinary capacity in the particular boy, he should not be treated as a child of 'tender years,' but as a young person who has passed that period and become chargeable with such diligence as might fairly be expected of the class and condition to which he belongs. . . While the conduct of a boy of his age, under such circumstances, is not to be judged by the same standard as that of a man, he is nevertheless held to a higher degree of responsibility than one whom the law regards as an infant of 'tender years.' A young person of the age of this plaintiff is presumed to be capable of realizing danger and of exercising the necessary forethought and caution to avoid it, and is presumptively chargeable with diligence for his own safety, where the peril is palpable and manifest. . . By analogy to the provisions of the Penal Code touching capacity for crime, this presumption attaches at the age of 14 years." *Cen. R. Co.* v. *Phillips,* 91 *Ga.* 526 (2), 528, 529 (17 S. E. 952); Penal Code (1910), §§ 33, 34; *Cen. R. Co.* v. *Brinson,* 70 *Ga.* 207 (4), 224, 237; *Rhodes* v. *Ga. R. Co.,* 84 *Ga.* 320, 323 (10 S. E. 922, 20 Am. St. R. 362); *East Tenn. Ry. Co.* v. *Hughes,* 92 *Ga.* 388, 391 (17 S. E. 949, 22 L. R. A. 315); *Evans* v. *Josephine Mills,* 119 *Ga.* 448 (6), 453, 454 (46 S. E. 674); *Muscogee Mfg. Co.* v. *Butts,* 21 *Ga. App.* 558 (94 S. E. 821). There being no evidence that

the injured boy lacked the capacity of one of his years, it was error for the court to treat him as a "child of tender years," and to charge the jury, in substantially the language of the Civil Code (1910), § 3474, that "the law provides that due care of a child of tender years is such care as its capacity, mental and physical, fits it for exercising in the actual circumstances of the occasion and situation under investigation."

*Judgment reversed. Stephens and Bell, JJ., concur.*