29936. WHITAKER *v.* JONES, McDOUGALD, SMITH, PEW COMPANY.

DECIDED JUNE 8, 1943. REHEARING DENIED JULY 22, 1943.

712

*W. D. Lanier, Nathan Jolles,* for plaintiff.

*Bussey, Fulcher & Hardin,* for defendant.

MacIntyre, J. While a ditch was dug across the street for the purpose of installing a water or sewer pipe, neither the ditch nor the physical condition of the private road or street impeded, interfered with, or affected in any way the manner in which the plaintiff was crossing the street when hit by an automobile traveling thereon. It seems to us, therefore, construing the petition most strongly against the pleader, that it comes to the question of the plaintiff contending that the defendant did not use due care in regulating the traffic of pedestrians and automobiles driven by strangers, or its employees, whether they were driving within or without the scope of their employment, or other persons passing over the private street within the grounds or premises of which the defendant had control.

Construing the petition most strongly against the pleader, the driver of the automobile which struck and injured the plaintiff, was in no way connected with the defendant as employee or agent. In order to recover in this case it must be made to appear, that not only was the defendant negligent in one or more of the ways alleged in the petition, but also that such negligence, if any, resulted in, as the proximate cause thereof, the injuries complained of. If the injuries complained of did not flow naturally and directly from the wrongful act or omission attributed to the defendant, or could not reasonably have been expected to result therefrom, or would not have resulted therefrom, but from the interposition of some independent unforeseen cause, the defendant's such antecedent wrongful act or omission, if any, would not be the proximate cause of the injury complained of. If the injury could not be reasonably anticipated as the probable result of an act of alleged negligence, such act is either a remote cause or no cause.

It is stated in Logan *v.* Cincinnati &c. R. Co. (Ky. App.), 129 S. W. 575, 577, as follows: "'A prior and remote cause can not

be made the basis of an action if such remote cause did nothing more than furnish the condition, or give rise to the occasion by which the injury was made possible, if there intervened between such prior or remote cause and the injury a distinct, successive, unrelated, efficient cause of the injury. If no danger existed in the condition except because of the independent cause, such condition was not the proximate cause.' Thompson on Negligence, § 2.'"

"As negligence necessarily involves a violation or disregard of some duty which is known to the person charged therewith, it follows that knowledge of the facts out of which the duty arises is an essential element for consideration in determining whether one has exercised reasonable care or has been guilty of negligence." *Norris v. Macon Terminal Co.,* supra. We recognise the rule that a condition may be so obviously dangerous as to be regarded as sufficient to charge a person responsible therefor with knowledge of the probability of an injury being caused thereby but yet, if no danger existed in a condition except because of an independent cause, such condition would not be the proximate cause.

The rule well affirmed by the authorities is that under the law a person is required to anticipate or foresee and guard against what usually happens or is likely to happen; but this rule does not require him to anticipate or 'foresee and provide against that which is unusual and not likely to happen, or, in other words, that which is only remotely and slightly probable. The general test in such cases is not whether the injurious result or consequence was possible, but whether it was probable; that is, likely to occur according to the usual experience of persons. A wrongdoer can not be held responsible according to occasional experience, but only for a result of consequence which is probable according to the ordinary and usual experience of mankind. Chicago &c. R. Co. *v.* Dinius, 170 Ind. 222 (84 N. E. 9).

Bearing in mind that the driver of the automobile, according to the construction we must put on the petition, was not an employee or an agent of the defendant and that no active operating negligence is charged against the defendant, but that the plaintiff was injured by the act of a fellow traveler upon the private way or street of the defendant, and testing the petition by the principles hereinbefore stated, we do not think that the allegations of the petition set out a case of actionable negligence in that the alleged negligence, if any, was a remote cause, or no cause.

The judge did not err in sustaining the general demurrer.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*

ON MOTION FOR REHEARING.

MacIntyre, J. One of the grounds of the motion for rehearing stated that "The person who injured Whitaker [plaintiff] was not a third person unknown to the defendant, as in the *Norris* case [58 *Ga. App.* 313, supra], but on the other hand was an employee and agent of the defendant in error, and who they permitted to come upon their premises, and who had been in the employ of the defendant and had not yet left the premises."

The original petition, in paragraph 10, did in effect state that the person who injured the plaintiff was an employee or agent of the defendant. However, the plaintiff, by amendment, struck "All the paragraphs therein, except paragraphs 1 and 2 and the prayer of said petition, and added the following paragraphs, to be numbered in said petition as numbered below." Nowhere in said petition as amended was there an allegation that the person who injured the plaintiff was the agent or employee of the defendant and acting within the scope of his authority. This and all other matters in the motion having been considered, it is

*Overruled. Broyles, C. J., and Gardner, J., concur.*