37869.   ALLEN *et al.* v. GORNTO, by Next Friend.

DECIDED NOVEMBER 23, 1959.

*Parker & McGee, Wilson & Wilson,* for plaintiffs in error.

*Blount & Gibson, Clarence D. Blount,* contra.

QUILLIAN, Judge. The question for decision is whether the petition set forth a cause of action. A petition in a negligence case alleges a right of action when it shows actionable negligence on the part of the defendant proximately caused the plaintiff to be injured and does not disclose any fact or defense precluding the plaintiff's right to recover damages.

It was negligence per se for the defendant in violation of the Fireworks Control Law embodied in Code (Ann.) § 92A-802 to sell fireworks to a minor child, under circumstances not permitted

by the statute. *Spires* v. *Goldberg*, 26 *Ga. App.* 530 (106 S. E. 585). There was no mere omission on the defendants' part to accord to the State a duty as was the case in *Gulf Oil Corp.* v. *Stanfield*, 213 *Ga.* 436, 437 (99 S. E. 2d 209), but it was a deliberate infraction of a statute designed for the protection of members of the public, a class of which the plaintiff was a member.

The defendants stoutly maintain that, conceding that they were negligent, their conduct was not the proximate cause of the plaintiff's injuries. They insist that the plaintiff's manner of exploding the fireworks, especially the use of a bottle in the process, was obviously the cause of the injuries he sustained. The question turns on two legal principles. If the plaintiff's manner of exploding the fireworks was such an intervening cause as, alone and independently of the defendants' negligence, resulted in the plaintiff's injuries, the casual connection between the defendants' act in selling the fireworks and the plaintiff's injuries was severed and they were absolved of liability. *Spires* v. *Goldberg*, 26 *Ga. App.* 530, supra. Or if the defendants could not, in the exercise of ordinary care, have foreseen the disaster that did occur or that a similar one might result from their negligence in unlawfully selling the fireworks their act was not the proximate cause of the plaintiff being injured. In *Milton Bradley Co.* v. *Cooper*, 79 *Ga. App.* 302, 307 (53 S. E. 2d 761, 11 A. L. R. 2d 1019) it is held: "In order for a party to be liable as for negligence, it is not necessary that he should have been able to anticipate the particular consequences which ensued. It is sufficient, if in ordinary prudence he might have foreseen that some injury would result from his act or omission, or that consequences of a generally injurious nature might result. *Williams* v. *Grier*, 196 *Ga.* 327, 337 (26 S. E. 2d 698); *Mitchell* v. *J. S. Schofield's Sons Co.*, 16 *Ga. App.* 686, 690 (85 S. E. 978) . . . Where an act is of a nature calculated to produce a certain injury, the causal connection, if any, between such act and the injury is not necessarily broken by an intervening act which bears a causal relation to the injury. Either the original act or the intervening act may be the legal cause of the injury. *Nixon* v. *Williams*, 25 *Ga. App.* 594 (1) (103

S. E. 880). A defendant may be held liable for an injury where he commits a wrongful act which puts other forces in operation, resulting in the injury, which other forces are the natural and probable consequences of the act of the original wrongdoer, and which reasonably should have been foreseen by him as such consequences. *Louisville & Nashville R. Co.* v. *Ellis*, 54 *Ga. App.* 783 (2) (189 S. E. 559)."

There could have been no explosion had the explosive powder in the fireworks not been supplied through the defendants' negligence. Hence, the manner in which the fireworks were exploded was not an intervening cause that insulated the defendant from liability. " 'By proximate cause is not meant the last act or cause, or the nearest act to the injury, but such act wanting in ordinary care as actively aided in producing the injury as a direct and existing cause.' *Southern Ry. Co.* v. *Tankersley*, 3 *Ga. App.* 548, 552 (60 S. E. 297); *Wright* v. *Southern Ry. Co.*, 62 *Ga. App.* 316, 319 (7 S. E. 2d 793)." *Milton Bradley Co.* v. *Cooper*, 79 *Ga. App.* 302, 308, supra.

The question of whether a reasonably prudent person should anticipate that a given result may be caused by his negligence must be viewed in the light of facts commonly known. One of these facts is that explosive powder and the exuberance of youth is a perilous combination. Another is that boys do not always explode fireworks in an orthodox manner. The defendant also knew that the General Assembly by the enactment of the Fireworks Control Act had outlawed the sale of fireworks except "for the granting of permits for supervised public displays of fireworks for counties, municipalities, fair associations, amusement parks, and other organizations or groups of individuals" endeavoring to prevent the dangerous instrumentality of explosive powder being furnished to children.

With these matters considered we think reasonable men might differ as to whether the defendant, as a reasonable, prudent person, should have apprehended that the plaintiff might sustain an injury from the ignition of the fireworks, and it was not necessary that he should have expected the exact result of his negligence in selling the fireworks. *Milton Bradley Co.* v. *Cooper*, 79 *Ga. App.* 302, supra.

The next insistence of the defendants is that the petition affirmatively discloses the plaintiff as the author of his own misfortune and the victim of a failure on his part to exercise ordinary care as required of him by Code § 105-603. Able counsel in cogent argument urge and cite authorities in support of the proposition that the fifteen-year-old plaintiff should be chargeable with the duty to exercise the same care as that the law requires of an adult. The rule referred to is well stated in *Central R. & Bkg. Co.* v. *Phillips*, 91 *Ga.* 526 (17 S. E. 952). However, on page 529 there is a pronouncement which materially qualifies the rule: "What is said in the decision quoted from, to the effect that where the presumption of capacity exists the minor is chargeable with the same measure of caution as an adult, of course does not apply where he acts under the pressure of intimidation and incurs the risk in attempting to escape a threatened and impending injury of another kind, as is claimed to have been the case here. In such case he is to be treated, neither as an adult nor as a child of tender years, but as a young person whose mental and physical immaturity may be taken into consideration and who is chargeable with such diligence as, under the circumstances, might fairly be expected of the class and condition to which he belongs." The boy referred to was 15 years old.

The qualification of the rule is applied in various cases, including *East Tenn., Va. & Ga. Ry. Co.* v. *Hughes*, 92 *Ga.* 388 (17 S. E. 949), "As the daughter was about seventeen years of age, she should not be treated, with respect to her duty to care for her own safety, as a child of 'tender years', but should be treated as a person who is presumptively chargeable with the exercise of the ordinary discretion possessed by young persons of her class and condition." Similar holdings are found in *Paulk & Fossil* v. *Lee*, 31 *Ga. App.* 629 (121 S. E. 845) ; *Laseter* v. *Clark*, 54 *Ga. App.* 669 (189 S. E. 265).

The act of the plaintiff in exploding the powder when contained in a glass bottle might be very rash, but his conduct is somewhat excusable under the allegation of the petition, "At the time the said Lonnie A. Gornto, Jr., caused said home-made bomb to explode he was an immature youth fifteen years of age, was

inexperienced in the use and handling of fireworks and other explosives, had no knowledge of the inherent danger of fireworks and other explosives, did not understand and know the suddenness with which such fireworks might explode, and did not know that an attempt to explode said home-made bomb, as hereinbefore alleged constituted a danger to his person." In *Paulk & Fossil* v. *Lee,* 31 *Ga. App.* 629, supra, this court held that the acts of negligence on the part of an inexperienced boy of 15 years might in some circumstances be excused. The use of the bottle as a container for the powder might not have been perilous had the fuse burned as slowly as the inexperienced boy expected, for in that event he might have removed himself to a safe distance from the bottle or managed to place himself behind some object. It may be borne in mind that adults experienced in the use of explosives, through no fault of their own, are occasionally injured when a fuse flares more rapidly than is expected.

The matters of common knowledge must be taken into account by courts and juries in measuring the prudence or negligence of conduct.

We think the petition presents a question of fact, that is one concerning which reasonable and intelligent men might entertain contrary opinions, as to whether the plaintiff was in the exercise of his own safety when the explosion resulting in his injuries occurred.

The defendants invoke the principle that where one is engaged with another in the simultaneous and wilful violation of the law he cannot recover damages for injuries inflicted upon him through the negligence of his joint wrongdoer. The rule is stated in *Wallace* v. *Cannon,* 38 *Ga.* 199 (95 Am. Dec. 385), *Martin* v. *Wallace,* 40 *Ga.* 52, *Redd* v. *Muscogee R. Co.,* 48 *Ga.* 102 (2), and *Hughes* v. *Atlanta Steel Co.,* 136 *Ga.* 511, 516 (71 S. E. 728, 36 L. R. A. (NS) 547, Ann. Cas. 1912 C 394), cited by the defendants, as well as in other cases including *Little* v. *Southern Ry. Co.,* 120 *Ga.* 347 (47 S. E. 953, 66 L.R.A. 509, 102 Am. St. Rep. 104), that where one is injured by another while both are simultaneously engaged in the violation of the same penal statute, there can be no recovery. These decisions base the holding upon the principle that the parties are in pari delicto; that

what each does is the act of the other and that to permit a recovery under such circumstances would be in violation of public policy. *Schofield* v. *Hatfield,* 25 *Ga. App.* 513, 514 (103 S. E. 732) holds: "If . . . the negligence of the parties consists, not in the joint performance of an act, but in the performance of separate and distinct acts, although of the same character and contemporaneous and in violation of the same statute, the act of one not being the act of the other, the person injured is not debarred from a recovery, unless his own negligence was the cause of the injury. It is immaterial whether the negligence of the respective parties is established as a matter of law or as a matter of fact. The theory upon which an injured party is debarred of a right to recover when injured while engaged in the performance of an illegal or criminal act rests, not upon the ground that he is performing an illegal or criminal act, either alone or jointly with the defendant, but upon the ground that his conduct is negligent and is the proximate cause of his injury. Even though negligence might be shown as a matter of law, the question of proximate cause may still be one for the jury."

The rationale of the rule that a wrongdoer can not recover damages for injuries caused by the negligence of his codefendant which occurred while both were engaged in simultaneous infraction of the law lies in the fact that the act of each offender becomes, in a legal sense, the act of the other. *Little* v. *Southern Ry. Co.,* 120 *Ga.* 347, supra.

In the case sub judice the plaintiff and the defendants were guilty of infractions of the Fireworks Control Act (Code, Ann., § 92A-802), but their acts were committed on different occasions, and were different in their nature. The defendants disobeyed the statute on one occasion by selling the fireworks, the plaintiff at a different time by exploding the fireworks, so the act of neither came within the scope of that committed by the other.

It is well established that the mere fact that both plaintiff and defendant separately committed infractions of the law does not affect the right of the party injured to recover damages of the other. *Louisville & Nashville R. Co.* v. *Stafford,* 146 *Ga.* 206 (91 S. E. 29).

*Judgment affirmed. Felton, C. J., and Nichols, J., concur.*