40375. LANDERS v. MEDFORD et al.
40394. MEDFORD et al. v. LANDERS.

DECIDED OCTOBER 18, 1963.

*Randall Evans, Jr.,* for Landers.

*Congdon & Holley, William P. Congdon, R. Eugene Holley,* for Medford et al.

NICHOLS, Presiding Judge. ■ The plaintiff's petition against the defendant Stanley set forth a cause of action for the injuries and damages alleged as a result of the wilful and wanton acts charged to him in taking the plaintiff's automobile without permission and wrecking the same as well as for the injuries to the plaintiff's son whom he allegedly enticed and persuaded to accompany him. See *Code* § 105-1806.

Only the defendants' general demurrers were passed upon by the trial court and no question is presented as to the sufficiency of the special demurrers attacking the petition for a misjoinder of causes of action and defendants since this court cannot rule upon questions not ruled upon by the trial court.

■ The Act of 1956 (Ga. L. 1956, p. 699; *Code Ann.* § 105-113), on which the plaintiff's action against the mother and stepfather is based reads as follows: "An Act to provide that the parent having the custody and control of a minor child or children under the age of seventeen shall be liable for the wilful and wanton acts of vandalism of said minor child or children and further to provide that nothing in this Act shall be construed to affect liability of said parent under the 'family-purpose car doctrine' or any statutes now in force and effect, to repeal conflicting laws and for other purposes. Be it further enacted by the General Assembly of Georgia: Section 1. Every parent having the custody and control of a minor child or children under the age of seventeen shall be liable for the wilful and wanton acts of van-

dalism of said minor child or children resulting in injury or damage to the person or property of another; provided, however, that this Act shall be cumulative and shall not be restrictive of any remedies now available to any person, firm, or corporation for injuries of [sic] damages arising out of the acts, torts, or negligence of a minor child under the 'family-purpose car doctrine' or any statutes now in force and effect in the State of Georgia. Section 2. All laws and parts of laws in conflict with this Act are hereby repealed."

In *Faith v. Massengill,* 104 Ga. App. 348 (121 SE2d 657), this court was dealing with a city ordinance making it unlawful for any parent having custody of any child under twelve years of age to permit such child to have in his possession an air rifle or "BB" gun within the corporate limits. In that case, brought against both the mother and father of an eight year old child, it was held that while the father would be guilty of negligence per se in permitting the child to possess an air rifle or "BB" gun, the mother (since the father was the natural guardian under the facts of the case and as such had the custody and management of the child), could not have custody of the child so as to be guilty under the ordinance.

The Act relied upon in the case sub judice is very similarly worded in so far as it refers to "parent having custody" and under the holding in the *Faith* case, supra, only the parent having custody of the minor could be held responsible for his acts of vandalism. "Courts may examine the caption as an aid to interpretation of a doubtful statute. *Eason v. Morrison,* 181 Ga. 322 (182 SE 163)." *Thompson v. Eastern Air Lines,* 200 Ga. 216, 223 (39 SE2d 225). The caption or title of the 1956 Act, supra, which provides in part that "The parent having the custody and control of a minor child. . . shall be liable . . ." supports the interpretation that only one parent shall be liable for the acts of vandalism.

The plaintiff's petition, while alleging that both the mother and stepfather stand in loco parentis and have custody of Stanley, shows that Emma Medford was the parent having custody and control of Stanley and consequently the general demurrer of Ernest Medford was properly sustained since in the absence

of the liability created by the Act of 1956, supra, no cause of action could be set forth against him. See in this connection the cases collected in *Herrin v. Lamar*, 106 Ga. App. 91, 93 (126 SE2d 454).

■ Under the above holding the petition set forth a cause of action against Emma Medford if the petition set forth facts to show that the plaintiff's injuries and damages were caused by the acts of vandalism by Stanley as referred to in the Act of 1956, supra. This Act makes the parent "liable for the wilful and wanton acts of vandalism of said minor child."

For a history of the word "vandalism" see *General Accident Fire &c. Assurance Corp. v. Azar*, 103 Ga. App. 215, 218 (119 SE2d 82), quoting from 91 CJS, p. 802, "Vandalism." Such word now refers to the destruction of all property under certain conditions. The Act of 1956, supra, refers to wilful and wanton destruction of property. In *Arrington v. Trammell*, 83 Ga. App. 107, 110 (62 SE2d 451), Judge Townsend compiled numerous cases dealing with the meaning of the phrase "wilful and wanton." In that case it is made clear that a wilful and wanton act is one done intentionally or with a reckless disregard for the consequences.

The allegations of the petition, as shown by the statement of facts, were sufficient to charge the defendant Stanley with committing acts of wilful and wanton vandalism and to set forth a cause of action against his mother, Mrs. Emma Medford, under the Act of 1956, supra. The trial court did not err in overruling her general demurrer to plaintiff's petition.

*Judgment affirmed in both cases. Frankum and Jordan, JJ., concur.*