22885.   VORT v. WESTBROOK, by Next Friend.

Argued March 9, 1965—Decided May 10, 1965.

*Powell, Goldstein, Frazer & Murphy, Gregg Loomis,* for plaintiff in error.

*Charlie Parker, Charlie Parker, Jr.,* contra.

Per Curiam.   Wanda Lois Westbrook, aged 13, brought this action by next friend James O. Westbrook, in the Superior Court of Fulton County against Stephen Vort and Tommy Vort.   In count 2 of the petition it was alleged: that Tommy Vort is the father of Stephen Vort, a minor 13 years of age, and has custody and control of Stephen Vort; that on March 27, 1964, the minor plaintiff was in the backyard of her parents' home; that the minor defendant came upon said property and "as the minor plaintiff turned to face the minor defendant, the minor defendant took a rock, which was in his hand, threw it in the direction of plaintiff, hitting plaintiff in the mouth and teeth"; that as a direct result of said incident the minor plaintiff sustained certain permanent injuries to her teeth; that the minor defendant "did wilfully and wantonly throw said rock at the minor plaintiff with the intention of striking her and causing her injury"; that the act alleged in the petition "is imputable to defendant and defendant is liable for the results thereof under Georgia Code Sec. 105-113, Acts 1956, page 699."   There was a prayer for damages in the amount of $7,500.   To this count of the petition Tommy Vort, father of the minor child, interposed demurrers on the ground that the petition failed to state a cause of action against

him and on the grounds that the Act of 1956 is unconstitutional as violative of the due process clauses of the Georgia and Federal Constitutions and of the equal protection clause of the Federal Constitution. By bill of exceptions error is assigned on the order overruling these demurrers.

■ The defendant's liability is predicated on *Code Ann.* § 105-113 (Ga. L. 1956, p. 699). That Code section provides: "Every parent having the custody and control of a minor child or children under the age of seventeen shall be liable for the wilful and wanton acts of vandalism of said minor child or children resulting in injury or damage to the person or property of another: Provided, however, that this Act shall be cumulative and shall not be restrictive of any remedies now available to any person, firm or corporation for injuries or damages arising out of the acts, torts, or negligence of a minor child under the 'family-purpose car doctrine' or any statutes now in force and effect in the State of Georgia." We are of the opinion that under a proper construction of the Code section the acts alleged in plaintiff's petition, if proven, would not render the defendant liable under *Code Ann.* § 105-113, and that the court erred in overruling defendant's demurrer on the ground that the petition failed to state a cause of action against him. *Code Ann.* § 105-113 provides that the parent of a minor under 17 shall be liable "for the wilful and wanton acts of *vandalism* of said minor child or children resulting in injury or damage to the person or property of another." (Emphasis supplied). Vandalism is defined as such wilful or malicious acts as are intended to damage or destroy property. See *Landers v. Medford,* 108 Ga. App. 525, 529 (133 SE2d 403); *General Accident &c. Assurance Corp. v. Azar,* 103 Ga. App. 215, 218 (119 SE2d 82); Pintsopolous v. Home Insurance Co., 340 Mass. 734 (1) (166 NE2d 559); 91 CJS 802, and the cases cited under "Vandalism" in 44 Words & Phrases 113-114. Applying the definition of vandalism to *Code Ann.* § 105-113, it is clear that the parent is liable only for wilful and wanton acts of his minor children under 17 which result in damage to property and is not liable for their acts which result in injuries to persons unless the act of vandalism results in injury to property as well as injury to person. By the very definition of the word vandalism, an act resulting in injuries to

persons only is not vandalism. Therefore, the use of the word vandalism in *Code Ann.* § 105-113 excludes any acts which result only in injuries to persons. Since the acts alleged in plaintiff's petition resulted in personal injuries and not property damage, they are not covered by the statute and the petition does not state a cause of action against the defendant as father of the child so as to render him liable under *Code Ann.* § 105-113. The court erred in overruling defendant's demurrer on the ground that the petition failed to state a cause of action against him.

■ "This court will not pass upon an attack on the constitutionality of a legislative Act, made by parties whose rights it does not affect, and who therefore have no interest in defeating it." *Webb v. City of Atlanta,* 186 Ga. 430 (5) (198 SE 50). Since *Code Ann.* § 105-113 does not apply to the defendant in this case, his rights are not affected by it. For this reason we do not rule on the various constitutional attacks made on Ga. L. 1956, p. 699.

For the reasons stated in Division 1 the trial court erred in overruling defendant's general demurrer.

*Judgment reversed. All the Justices concur, except Candler, J., who dissents. Duckworth, C. J., and Almand J., concur specially.*

DUCKWORTH, Chief Justice, concurring specially. The word "vandalism" means damaging, defacing and destroying property. This is the dictionary meaning and the meaning given it by court decisions including the Court of Appeals in *General Accident &c. Assurance Corp. v. Azar,* 103 Ga. App. 215 (119 SE2d 82), and the recent case of *Bell v. Adams,* 111 Ga. App.____. By expressly limiting actions for damages therein authorized to those resulting from vandalism, the Act (Ga. L. 1956, p. 699; *Code Ann.* § 105-113) requires the courts to disallow recovery for injuries to the person which are caused by the wilful tort of a minor under seventeen but not as a result of injury to property. More than likely it was the legislative desire to provide by this Act for requiring the parent to pay for damages both to the person and the property resulting from the wilful and wanton torts of their children under age seventeen. It would be unreasonable to hold the parent not liable for the direct assault upon the person yet liable if the assault upon property resulted in the same personal injury.

But courts have no alternative to accepting the plainly expressed legislative intent to restrict the actionable torts to vandalism, for we are not permitted to speculate as to an unexpressed intent and effectuate it when to do so plainly violates the expressed intent.

There has been raised a question as to the constitutionality of this Act upon the ground that it creates a liability without fault. I would agree if the Act did that, it would be unconstitutional. *Buchanan v. Heath,* 210 Ga. 410 (80 SE2d 393). But it can not be reasonably asserted that the parent is free from fault when his minor child wilfully injures innocent people. The law confers upon the parent the right to receive all the earnings of his minor child. It places upon him the duty to support his minor child, and it authorizes him to discipline and control the conduct of his child. He is thus lawfully authorized to control the goings and comings of his child. He does not hold and enjoy these rights and privileges without at the same time and commensurate therewith responsibility for the child's conduct.

The legislature is to be commended for attempting by this Act to afford protection to neighborhoods and individuals against terrorism by minors whose parents are too indifferent to control them. There is an old law that states who should pay for such damages. *Code* § 37-113. The parent has the lawful power to punish and control his minor child while the innocent victim has no such power. Therefore, let the parent rather than the victim pay. Perhaps when the parent's pocketbook is reached by such a law, he will assume his duties of parenthood. I would hope the legislature might amend this law by striking the word "vandalism" therefrom.

ALMAND, Justice, concurring specially. While I disagree as to the construction given to the Act of 1956 (Ga. L. 1956, p. 699; *Code Ann.* § 105-113), I agree to the judgment reversing the court's order overruling the general demurrers because in my opinion the Act violates the due process clause of the Georgia Constitution.