## 41926. MOSES v. CHAPMAN.

FRANKUM, Judge. 1. "Negligence is predicated on what should have been anticipated rather than on what happened." *Misenhamer v. Pharr,* 99 Ga. App. 163 (2) (107 SE2d 875); *Ely v. Barbizon Towers, Inc.,* 101 Ga. App. 872, 877 (115 SE2d 616). And one is not bound to anticipate or foresee and provide against that which is unusual or that which is only remotely and slightly probable. *Whitaker v. Jones, McDougald &c. Co.,* 69 Ga. App. 711, 716 (26 SE2d 545).

2. While negligence may be proved by circumstantial evidence as well as by direct evidence (*Arnold Services, Inc. v. Sullins,* 110 Ga. App. 19, 20 (137 SE2d 727)), circumstantial evidence from which the defendant's negligence may be inferred is not sufficient to support a verdict for the plaintiff, when, by positive and uncontradicted testimony of unimpeached witnesses which is perfectly consistent with the circumstantial evidence relied on by the plaintiff, it is affirmatively shown that the defendant was not negligent on the occasion in question. *Myers v. Phillips,* 197 Ga. 536, 542 (29 SE2d 700).

3. Upon application of the foregoing principles of law, where the undisputed evidence adduced upon the trial of the case showed that the defective condition of the fan on the defendant's automobile was such as not to be apparent to one making an ordinary inspection thereof; that three days before the incident which resulted in the injuries to the plaintiff for which he sued, the fan on the defendant's automobile had been removed and inspected by an experienced and competent mechanic who found nothing to put him on notice that it was in fact defective, the evidence demanded a finding that the defendant was not negligent in operating or maintaining an automobile with a defective fan, since the defendant testified positively and without contradiction that he did not know of any defect existing in the fan prior to the occurrence resulting in the plaintiff's injuries. The plaintiff's injuries were sustained while he was endeavoring to assist the defendant in getting his automobile started after it had stalled. While

thus engaged and while the hood of the defendant's car was in a raised position and as the plaintiff was bringing his head from under the hood of the defendant's automobile which had been restarted, and while the defendant was racing the engine, one of the blades of the fan broke off (an unusual occurrence) and struck the plaintiff in the neck, severing several small arteries and nerves, thereby causing permanent and disabling injuries to him. Such injuries were not shown to have been the result of any actionable negligence on the part of the defendant, and the trial court properly directed a verdict for the defendant. See *Mathis v. Mathis,* 42 Ga. App. 1 (155 SE 88); *Jacobs v. Felmet,* 105 Ga. App. 234 (124 SE2d 307).

*Judgment affirmed. Felton, C. J., and Pannell, J., concur.*

ARGUED APRIL 6, 1966—DECIDED MAY 5, 1966—
REHEARING DENIED JUNE 20, 1966.

*Guy B. Scott, Jr.,* for appellant.
*Erwin, Birchmore & Epting, Howell C. Erwin, Jr.,* for appellee.