### 43305. BOLDEN v. BARNES.

WHITMAN, Judge. We are called upon here to decide whether the trial court erred in refusing to grant defendant's motion for summary judgment in an action brought against him by plaintiff for the wrongful death of her husband.

The plaintiff's petition alleged that her husband took his pick-up truck to defendant's place of business for repairs; that defendant permitted the truck to remain in close proximity to a red-hot stove after disconnecting the truck's fuel lines; that defendant's employee, while working on the left side of the truck, the same side where the stove was located, also had the air hose on that side blowing air through the gas line; that defendant's employee failed to warn plaintiff's husband that he was blowing air through that part of the gas line running into the gas tank and failed to warn him of the potential danger of doing so; and that defendant's employee, while watching plaintiff's husband proceed to and reach out to remove the cap from the truck's gas tank, did not warn him that he had built up pressure in the gas tank with the air hose.

The petition alleged that when plaintiff's husband removed the cap from the gas tank in which a tremendous pressure had been created by the air hose, the pressure caused the gasoline from the gas tank to gush out upon plaintiff's husband's face and body, causing him to involuntarily and instinctively step backward against the hot stove which ignited his clothing and body from which he suffered severe burns resulting in his death.

In his answer defendant admitted that his employee was blowing air into the line with an air hose as decedent walked toward the back of the truck, but denied that the employee saw plaintiff's husband as he removed the cap from the tank. Defendant further answered the petition averring that he and his employee were guilty of no negligence; that decedent knew that defendant's employee had squirted air into the gas lines and that the tank contained pressure; and that decedent died as a result of his own negligence and failure to exercise ordinary care for his own safety in removing the gas cap while the tank contained pressure; but that if decedent's death did not result from his own negligence or failure to exercise ordinary care for his own safety, then it was the result of an accident.

The evidence presented for determination of the motion consisted of the depositions and affidavits of the defendant, Randall Bolden, and his employee, Amos Bolden. The deposition of the plaintiff was also before the court.

The evidence was that decedent could not keep the engine in his truck running and had defendant tow it to the station. It was then pushed inside the station and the doors closed behind it because the day was very cold. The truck was placed within 6 or 8 feet of a kerosene heater. The decedent indicated that he thought the trouble was in the fuel pump and he, with his own tools and working by himself, disconnected the fuel line at the fuel pump. He then came and told defendant's employee that no gas would come out. The employee told him that he would be there in a minute and blow out the gas line, whereupon he did come in and with the compressed air hose blew two short "blasts" of air into the fuel line back towards the tank. He did this, he testified, to see if he could free the line and get the gas to come out. He further testified that the decedent was standing there beside him when he started putting air through the fuel line; that while he, the employee, was "hunkered" down under the hood applying the air, the decedent was standing beside him, but before he could straighten up he heard somebody holler and looked around to see what had happened; that the first thing he saw was the decedent with his hands over his face, apparently blinded with gas in his eyes, and then decedent ran over toward the heater and actually hit the stove and rocked it and caught fire.

The defendant testified that he was in an adjacent room, the office, checking a battery being charged; that he noticed drops of gas come into the room and looked to see where it was coming from and could see it coming out of the filler neck to the truck's gas tank; that quite a bit came out and everything ignited almost instantly; but that he did not see what had happened to the decedent as he was obscured from his view by a corner.

Both the defendant and his employee testified that they did not see the decedent remove the cap. *Held:*

There is no issue of fact as to how the death of plaintiff's husband resulted. The crucial issue which still remains however is whether such facts constitute negligence on the part of the defendant by and through his employee.

"Questions of negligence, diligence, contributory negligence, and proximate cause are peculiarly matters for a jury, and a court should not take the place of a jury in solving them except in plain and indisputable cases." *Peck v. Baker*, 76 Ga. App. 588 (1a) (46 SE2d 751). " 'Negligence is predicated on what should have been anticipated rather than on what happened.' *Misenhamer v. Pharr*, 99 Ga. App. 163 (2) (107 SE2d 875) ; *Ely v. Barbizon Towers, Inc.*, 101 Ga. App. 872, 877 (115 SE2d 616). And one is not bound to anticipate or foresee and provide against that which is unusual or that which is only remotely and slightly probable. *Whitaker v. Jones, McDougald &c. Co.*, 69 Ga. App. 711, 716 (26 SE2d 545)." *Moses v. Chapman*, 113 Ga. App. 845 (1) (149 SE2d 850).

The evidence shows that the cause of decedent's death was his removal of the gas cap simultaneously with the application of compressed air to the fuel line by the defendant's employee which caused gasoline to spew out at the cap onto the decedent and into his eyes, causing him to retreat backwards into the kerosene heater and ignite. Both the defendant and his employee testified they did not see decedent about to remove the cap. This being so, no duty arose to warn against it. Should they have anticipated or foreseen that decedent would go back and remove the cap at the time he did? We think clearly and indisputably that it was not reasonably foreseeable and, therefore, no negligence on the part of the defendant appears.

The defendant's motion for summary judgment should have been sustained.

*Judgment reversed. Felton, C. J., and Eberhardt, J., concur.*

ARGUED JANUARY 8, 1968—DECIDED MAY 28, 1968— REHEARING DENIED JUNE 12, 1968—CERT. ■■■■■

*Pittman & Kinney, John T. Avrett,* for appellant.

*Cook & Palmour, A. Cecil Palmour, Morgan & Garner,* for appellee.