43308. WITTKE v. HORNE'S. ENTERPRISES, Inc. et al.

ARGUED JANUARY 8, 1968—DECIDED JULY 10, 1968— REHEARING DENIED JULY 25, 1968—

212

214

*Lanier, Powell, Cooper & Cooper, Wilmer D. Lanier, Harris, Chance & McCracken, Henry T. Chance,* for appellant.

*Hull, Towill & Norman, Lawton Jordan, Jr., James M. Hull, Jr., Fulcher, Fulcher, Hagler, Harper & Reed, E. D. Fulcher,* for appellees.

WHITMAN, Judge. For several reasons, any one of which should suffice, we affirm the grant of the summary judgment.

*Contract or tort?* In his suit, as amended, plaintiff alleges that his son called his mother (plaintiff's wife) on the telephone, asking permission to spend the night with David and Jerry at the motel, and that the defendant Crank got on the telephone and asked Mrs. Wittke to allow Lynn to spend the night with the other boys at the motel, stating that he would be there and that he would "take care of them." In response, Mrs. Wittke extended the permission and the boys were assigned a room in the motel by defendant Crank. In his affidavit plaintiff asserted that Mrs. Wittke had authority, in his behalf, to extend the permission. In his affidavit Lynn Wittke asserted that defendant Crank promised his mother that he would look after him and Colonel Crank's son, David Crank, if she would allow him to spend the night at Horne's Motor Lodge. In her affidavit Mrs. Wittke asserted that had "the defendant Crank not assured [her] that he would look after and supervise the conduct and activities of her son and the son of the said J. R. Crank, she would [not have] consented to her son spending the night at the motor lodge."

In his second amendment to the petition plaintiff alleged that if Crank had inspected the room where the boys were located in the motel between the hours of 9 and 11:30 p.m. he would have discovered that they were in possession of intoxicants and explosives and that upon such discovery, "in fulfillment [and] in accordance with his promise to petitioner's wife to supervise the behavior of these minor boys" he could and should have required them to surrender the intoxicants and explosives to him, and further amended by charging that defendant had allowed the boys to explode the fireworks on the premises of the motor lodge for a period of over an hour without taking any steps

to prevent it, "in direct violation of defendant Crank's covenant and agreement made to petitioner's wife." The defendant was charged (in the amendment) with an utter indifference for the welfare and safety of the boys and a total lack of supervision of their behavior.[1]

If this be a suit for violation of the "covenant and agreement" alleged to have been made by defendant Crank with Mrs. Wittke and assuming it to have been made with her on plaintiff's behalf, it must fail for want of sufficient specificity to make it capable of enforcement. The only agreement charged or alleged is that the defendant would "take care of" the boys at the motel. Mrs. Wittke testified that the telephone conversation "gave me the impression that he was going to be there to supervise the boys," but she also testified that "he was going to be there, that he was going to be on duty that night—the boys could—he would give them a room, and he would be there."

"A covenant that does not define what is to be done or furnished by the covenantor in discharging the duties incumbent upon him under its terms, except to give to the covenantee an unlimited option as to what will be required, is too indefinite to be enforceable." *Atlantic C. L. R. Co. v. Ga. A. S. & C. R. Co.*, 91 Ga. App. 698 (3) (87 SE2d 92). And see *Oliver Constr. Co. v. Reeder,* 7 Ga. App. 276 (66 SE 955).

What meaning is to be ascribed to the promise of Colonel Crank to "take care of" young Wittke, a nineteen-year-old? Was it to "baby-sit" with him? Or was it the meaning ordinarily ascribed to this phrase when used by the manager of a hotel or motel when he is asked for a reservation—to provide a place for him for the night?

If it be regarded as a suit in tort[2] it must fail. "A tort is the

---

[1] See discussion under "Social guest," post.

[2] It is to be noted that this action is not by or for the benefit of the boy, Lynn Wittke; it is by the father to recover for medical expenses and loss of services. If it were by or on behalf of the boy, seeking recovery for the tortious act of David Crank, it would also fail, since the act was by and with his consent, (*Code* § 105-1803) or he assumed the risk of injury. He was nineteen years old, and the Supreme Court has pointed out that

unlawful violation of a private legal right, *other than a mere breach of contract,* express or implied; or, it may be the violation of a public duty, by reason of which some special damage accrues to the individual." (Emphasis supplied.) *Code* § 105-101. Even if we could find that a private duty of some sort on the part of the defendant Crank flowing to the plaintiff arose by virtue of the alleged "covenant and agreement" with his wife, nothing more is alleged or contended than that he *neglected* to perform it, i.e., he neglected to supervise, to inspect the room, etc. "[W]here the breach complained of is simply the neglect of a duty such as is expressly provided for by the contract itself," the action is in contract. *Fain v. Wilkerson,* 22 Ga. App. 193 (2) (95 SE 752). "The duty, for a breach of which an action ex delicto lies, must be a duty imposed by law as to some relationship, general or special, as applied to that class of cases where the alleged duty arises out of a contract. For instance, if one promises to pay another a given sum of money by a named day, the contract creates a duty to pay; but a breach of that duty is not a tort." *Howard v. Central of Ga. R. Co.,* 9 Ga. App. 617, 619 (71 SE 1017).

*Parent's liability for child's tort.* If we assume that some

---

a minor seventeen years old is not to be treated as a child of "tender years," but is to be treated as a person who is presumptively chargeable with the exercise of the ordinary discretion possessed by young persons of his class and condition. *East Tenn., Va. & Ga. R. Co. v. Hughes,* 92 Ga. 388 (17 SE 949). See also, *Paulk & Fossil v. Lee,* 31 Ga. App. 629 (121 SE 845); *Laseter v. Clark,* 54 Ga. App. 669 (189 SE 265). He was old enough for military service (50 USCA-App. 466), to vote (Const. Art. II, Sec. I, Par. II), or to get married (*Code Ann.* § 53-102). One who is 16 years old is held to consent to or to assume the risk of injury when he engages in an athletic contest (football). *Hale v. Davies,* 86 Ga. App. 126 (70 SE2d 923). The same is true of one who engages in drag races. *Roberts v. King,* 102 Ga. App. 518 (116 SE2d 885). And see *Wallace v. Cannon,* 38 Ga. 199, 204 (95 AD 385), holding the parties to be in pari delicto when they jointly and knowingly enter into an illegal transaction. Cf. *Allen v. Gornto,* 100 Ga. App. 744, 750-751 (112 SE2d 368).

private duty did arise from the alleged contract with plaintiff's wife it was not such that it could impose liability for a tort of the defendant's son, not committed by defendant's command or in the prosecution of his business, and from which he derived no benefit. *Code* § 105-108. "A father is not liable for a tort of his minor child, with which he was in no way connected, which he did not ratify, and from which he did not derive any benefit." *Chastain v. Johns,* 120 Ga. 977 (48 SE 343, 66 LRA 958). "The father of a minor son who is a pupil attending a public school or high school, and who seriously injured a fellow pupil while working in a chemical laboratory by the direction of a teacher, by throwing sulphuric acid in the face of his fellow pupil, is not liable for damages because of this tortious act, it not appearing that the same was committed by the command or with the consent of the father, or that it was ratified by him, or that he derived any benefit therefrom." *Stanford v. Smith,* 173 Ga. 165 (3) (159 SE 666).

Certainly it does not appear here, nor is it contended, that the act of David Crank in putting a lighted cigarette into the test tube held by Lynn Wittke was by the command of David's father, that he ratified it or that he derived any benefit therefrom. It was a matter that he knew nothing about and had no reason to anticipate until after it had occurred.

This petition does not seek recovery because of any act of vandalism by defendant's son. If it did and if there was such an act, it is sufficient to point out that liability therefor when the act results in personal injury was not imposed until the Act of 1956 (Ga. L. 1956, p. 699; *Code Ann.* § 105-113) was amended in 1966 (Ga. L. 1966, p. 424), some two years after this occurrence. Prior to the amendment the statute did not apply where the injury was to person only. *Vort v. Westbrook,* 221 Ga. 39 (142 SE2d 813).

Moreover, if any duty arose by virtue of the alleged agreement with plaintiff's wife, the breach of which could be tortious, before any recovery would be authorized it must appear that the injury suffered by plaintiff's son was the natural and probable consequence, such a consequence as under the surrounding circumstances of the case might and ought to have been foreseen

by the wrongdoer as likely to flow from his act. *Southern R. Co. v. Webb*, 116 Ga. 152, 156 (42 SE 395). Does that appear here? All of the boys testified that the defendant, Colonel Crank, neither knew nor had any reason to suspect that they had either intoxicants or explosives in the motel room. These were hidden from sight, and when he came to the room to check on them at about 8:30 he found them undressed and in bed watching television. He had no reason to suspect that this would change. When the boys got up shortly before midnight and started shooting their fireworks they were careful to take them out the *back door* and shoot them on the back of the motel property, not visible to one in the motel office where Colonel Crank was on duty. It was just across the street from a number of houses and, as Lynn Wittke testified, it was logical for one who may have heard the noise to conclude that it came from the houses, not from the motel.

The purchase and sale of fireworks was illegal in Georgia, and these were not generally available in Augusta. We do not think that Colonel Crank must be charged with the responsibility of anticipating that these boys had gone over into South Carolina a week previously to secure them and illegally bring them into this State, or that plaintiff's son may have brought some down from Illinois a year before. "One is not bound to anticipate or foresee and provide against that which is unusual or that which is only remotely and slightly probable. *Whitaker v. Jones, McDougald &c. Co.*, 69 Ga. App. 711, 716 (26 SE2d 545)." *Moses v. Chapman*, 113 Ga. App. 845 (1) (149 SE2d 850). Indeed, "unless and until there be facts or circumstances to indicate to the contrary, it will be presumed that every person obeys the mandates of law." *Clements v. Hollingsworth*, 205 Ga. 153 (5) (52 SE2d 465). Can it be said that there was anything more than a remote or slight probability that these boys brought fireworks with them when they came in to spend the night as guests at the motel? The defendant had seen them when they came in, and when he went to their room, but saw none, for the boys took care that he did not, putting them out of sight. Even more remote was the probability that they had removed the powder from some of the cherry bombs and placed

it in a test tube and that they would try to "fuse" it by dropping a lighted cigarette into the tube. It is to be remembered that there was no injury from the shooting of the firecrackers and the cherry bombs, only from the powder removed during the afternoon and placed in the test tube, which Jerry carried in his pocket.

Thus, if it be said that some duty arose by virtue of the alleged contract with plaintiff's wife, it could not extend to this greatly remote and improbable happening.

*Custodial care.* If this action is one for the recovery of damages because of the failure of the defendant Crank to perform his duties as custodian of plaintiff's son, it must fail.

If such duty was imposed by the alleged contract with plaintiff's wife, then it would extend no further than to anticipate that which might normally and usually be expected—not the remote and improbable. *Moses v. Chapman,* supra. The evidence without contradiction discloses that in this respect his duty was performed.

The recent case of *Herring v. Mathis Certified Dairy Co.,* 118 Ga. App. 132, does not require a different conclusion. In that case the court dealt with the duty of the owner of the land and of one who was placed in charge of a Sunday School group for taking them out on a picnic and outing near a lake. One child, who was only 14 years of age, was drowned while swimming in the deep waters of the lake. The court held that under those circumstances the child was not, as to the landowner, a social guest, pointing out that the outing was itself a business-oriented one, affording advertising and a resulting increment of sales of his products. As to the person in charge of the group, it was pointed out that the child was one of "tender age," or so close thereto as to require the exercise of ordinary care for his safety by those into whose custody he was placed—at the same time conceding that these did not owe him the same degree of care that would be due a much younger child.

*Social guest.* Under the facts here we conclude that Lynn Wittke was simply a social guest of Colonel Crank—one who was socially visiting with his son. He was a licensee, and the duty of Colonel Crank was to warn him of any dangers of which he

might know concerning the premises and to refrain from doing him any wilful harm. *Stanton v. Grubb,* 114 Ga. App. 350 (1) (151 SE2d 237); *Laurens v. Rush,* 116 Ga. App. 65 (156 SE2d 482). As we see it, nothing in the alleged contract with plaintiff's wife could or did raise his status above that level. Nothing in the pleadings or the evidence discloses that his duty in that respect was not fulfilled.

Would Colonel Crank's duty to his social guests extend to the making of a search of the room, bathroom, and closets, looking under the beds, in the furniture drawers and going through the pockets of his guests' clothing to ascertain whether they might have intoxicants or illegal fireworks in their possession? Obviously not.

No negligence or breach of duty on the part of the defendant Crank appears. If there was a contract with plaintiff's wife to "take care of the boys," i.e., provide them with a room for the night at the motel, it appears without contradiction that he did so.

When all of the depositions and affidavits introduced by both parties at the hearing on the motion for summary judgment are read it is apparent that there is no substantial issue of fact. There is little, if any, difference in what the witnesses say. The pleadings were pierced, demonstrating that there can be no recovery against defendant Crank, and it was proper to grant the summary judgment and "avoid useless time and expense to go through a jury trial even though the petition fairly bristles with serious allegations, . . . It is one thing to make wide general sweeping allegations in a petition, but quite another to testify of one's own knowledge to the existence or non-existence of a fact." *Crutcher v. Crawford Land Co.,* 220 Ga. 298, 303 (138 SE2d 580).

*Judgment affirmed. Bell, P. J., Jordan, P. J., Hall, Eberhardt, Pannell and Quillian, JJ., concur. Felton, C. J., and Deen, J., dissent.*

FELTON, Chief Judge, dissenting. I shall confine myself to the crux of the case and not attempt to discuss the irrelevant matters covered in the majority opinion.

The *agreement by J. R. Crank* to *take care of the plaintiff's son* will in law be construed to mean that he would exercise

ordinary care to do so. This is an action for breach of a contract to exercise ordinary care in safeguarding plaintiff's son.

1. In the first place the facts in this case do not bring it within the category of the social guest cases. In those cases we have only invitations and no *express agreement* to safeguard a minor, or anyone else, as we have in this case.

2. In the second place the rationale of the right to recover is *not based on what harm to the minor could or should have been foreseeable at the time of the invitation.* It is that the defendant could have heard the explosions and could have stopped them in the exercise of ordinary care, thus preventing harm to plaintiff's son. There is no showing in support of the motion for a summary judgment that this allegation is not true. Young Wittke is not a party and what his opinion is as to where the sound of the explosions would seem to the defendant to come from is not binding on the plaintiff.

3. The majority has put a construction on the showing by the defendant precisely the opposite from that provided by law. *There is no affidavit or deposition by the defendant.*

4. I do not know on what theory the court granted the summary judgment but I can guess from the argument of appellee that he did so on the theory that the Wittke boy's participation in illegal acts prevented the father's recovery. But even so his judgment would be right if the allegations were pierced and the matter presented in support of the motion for a summary judgment demanded a judgment for the defendant. Construed against the movant the motion and supporting material require a jury trial on *the question of whether under the circumstances the defendant Crank could have by the exercise of ordinary care prevented the harm which came to the plaintiff's son whether or not he could have or should have anticipated the exact nature of the harm.*

In my opinion the insinuation that the defendant's agreement to take care of the plaintiff's son, under the circumstances here, meant no more than an agreement that he would furnish the son accomodations for the night as he would by an agreement to make a reservation for a transient is so wrong that it doesn't merit an answer.

The majority opinion in generalities states that the pleadings are pierced. I challenge them to show such to be the case in minute detail.

The headnote is completely misleading. The question in this case is not whether the defendant had any knowledge of the facts of the injury *before they occurred.* The question is whether he kept his agreement with the boy's mother to exercise ordinary care in looking after him, whether under the circumstances he could have by the exercise of ordinary care discovered that the boys were playing with fireworks and should have stopped them before the serious injuries to the plaintiff's son.

I am authorized to state that Judge Deen concurs in this dissent.