**John R. CAMPBELLE, Plaintiff,**

v.

**MAGNUS CORPORATION,
Defendant.**

**Civ. A. No. 888.**

United States District Court
S. D. Georgia,
Brunswick Division.

Nov. 1, 1968.

J. S. Hutto, Brunswick, Ga., for plaintiff.

Albert Fendig, Jr., Brunswick, Ga., for defendant.

## ORDER ON MOTION FOR SUMMARY JUDGMENT

LAWRENCE, Judge.

The Motion is based on the pleadings, depositions of four witnesses, and an investigative report of the injury, made under the direction of G. M. Starnes, Lieutenant, Aircraft Maintenance Department, Glynco Naval Air Station.

The theory of the Motion for Summary Judgment appears to be that the indisputable proximate cause of the injury to the plaintiff, John E. Campbelle, an Aircraft Mechanic, was his non-compliance with a rule, instruction, or requirement that Naval personnel should not, during fueling operations, touch any of the fueling controls on the trucks of the Contractor, Magnus Corporation.

Contrary to alleged requirement and apparently from overzealousness, Campbelle, during the fueling of a plane on the Base, started to remove the oil cap on a Magnus truck to increase the flow of oil. Believing that a vacuum in the oil tank might be impeding the flow, Plaintiff decided to remove the cap to let air in. Unknown to Campbelle, (or so he states), the oil tank was pressurized. When he started to release the second ear, the cap flew off violently and struck him in the mouth.

Believing as I do that material and disputed facts exist and that the proper solvent thereof is the jury, I am denying the Motion for Summary Judgment.

There is a conflict in the depositions as to whether Campbelle knew of any such rule or whether he had been instructed not to touch the controls of the fuel trucks of the Contractor. Allegedly, Chief Halbert so instructed him. Mabry, a jet mechanic, testified on deposition that Campbelle was present on an occasion when he (Mabry) explained that oil is moved from the truck by an air pressure system. On the other hand, J. J. Yonkosky, an Aircraft Mechanic who worked with Campbelle, recalled no such instruction given to himself. As for Campbelle, he explicitly denies that he was informed of the danger of tampering with the controls on the truck. It is true that Lieutenant Starnes testified that naval personnel had been instructed not to touch any of the contract fueling operation, that is the controls, and that Campbelle was subject to such instructions. However, his statement that plaintiff, according to his investigation,

had been apprised of this requirement is not conclusive.

In my opinion, there exists, at least at this stage of the litigation, a factual question concerning Plaintiff's knowledge of the regulation or requirement.

Further, the question crosses my mind as to whether a violation of a known instruction or rule would, as a matter of law, prevent a recovery against a Third Party, if it was negligent, where Plaintiff was not aware of the danger of the prohibited act.

The record before me involves, it seems to me, genuine questions of fact and substantial controversy as to material matters at issue. For example, the investigating officer, Lieutenant Starnes, expressed surprise that Defendant's truck contained no warning that the tank was pressurized—"a common sense" designation, as he put it. No pressurized Naval equipment was permitted on the Glynco base. It is recognized that the use of compressed air to accelerate the flow from containers of oil and gasoline could be dangerous. It is true that this rule did not apply to the Contractor but, irrespective of that fact, knowledge of such danger might create a duty on the part of Magnus to warn persons or take proper safety measures. For example, the cap on the tank had no safety chain, a device now required and used on Defendant's equipment at the Glynco base.

Further, it is alleged in the complaint that Schriver, who was an employee of Magnus, was inexperienced. According to the record, Campbelle told him, at the time of the incident, that there might be a vacuum in the tank whereupon he walked toward the "oil bowser". He was not warned by Schriver that the tank was pressurized.

Defendant cites Bolden v. Barnes, 117 Ga.App. 862, 162 S.E.2d 307, a case in which a summary judgment was granted. There, air pressure was injected into the gasoline tank of a truck by a defendant's employee who had no reason to suppose or to know that the decedent would select the precise moment to re-

move the cap. In the present case, the oil tank was normally under air pressure and, conceivably, Magnus might have anticipated in the course of events, naval personnel, authorized or unauthorized, might remove same while a plane was being fueled. It is true that the question arises of whether the defendant owed any legal duty to an intermeddling third party. Under proper circumstances, yes. Restatement of the Law, Torts 2d, § 309; pp. 102f. Of course, a jury might well find upon a full presentation of the evidence that Campbelle violated a rule or instruction of which he had knowledge and that the proximate cause of his injury was his negligent act of removing the cap. But this is for the jury to say, not me. In short, this is not a plain and indisputable case.

The Motion is denied.